# RICHMOND & HEVENOR
## *TRIAL LAWYERS*
2019 Walnut Street
Philadelphia, PA 19103
(215) 523-9200
Fax (215) 523-9214
richmond-hevenor@comcast.net
billhevenor@comcast.net

Kenneth William Richmond, Esq.
E. William Hevenor, Esq. (PA & NJ)

New Jersey Offices
Suite 333
1060 North Kings Highway
Cherry Hill, NJ 08034
(856) 667-7883
Fax: (856) 667-3477

July 28, 2008

FILED
JUN 0 1 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

10 cr 29 - FFV

The Apogee Foundation
Attn: Kenneth Schneider, President
1001 Avenue of the Americas
12th Floor
New York, NY 10018-5460

Dear Mr. Schneider:

The enclosure is self-explanatory. It is a distillation which sets forth only ultimate facts required by the Federal Rules of Civil Procedure. The actual details are so utterly distasteful that the members of this firm have been taxed to find objective legal expression for the disgusting atrocity committed on our clients.

While our professional inclination would be immediate exposure and aggressive punishment in each and every state and national jurisdiction for the principal and enabling parties to this depravity, at the request of the victim we are making one attempt at a discrete resolution.

This young victim is deserving of the most generous restoration of his self esteem and self worth. He is deserving of the full measure of the rewards his talent and effort entitle him to, and he is most deserving of just compensation for the guilt, shame, pain and humiliation forcibly inflicted upon someone at such an innocent age.

Therefore we are extending seven days consideration (from the date of this letter) before formally commencing the first part of this litigation. Once it has been exposed, the second part will be commenced by the victim's parents. Your legal representative should understand that the objective is psychological restoration and compensation, and that only proposals to that end will be considered. We will not entertain any defensive discussion, or matters addressing the merits. At the first suggestion of removal of any party or assets to a non-extraditing jurisdiction, we will notify the state departments and prosecuting agencies of each local and foreign jurisdiction.

By this correspondence your legal representative is assured that his or her contact, discussion and proposal may not be disclosed by the undersigned or his or her clients, nor may the contact or discussion be employed in or be referenced in connection with any litigation. We will execute a satisfactory mutually binding non-disclosure settlement agreement properly presented in good faith by a representative.

Very truly yours,

Kenneth W. Richmond, Esquire
E. William Hevenor, Esquire

c.c.  Marjorie & Bernard Schneider (w/enc.)
      Susan Schneider (w/enc.)

D-1

Thursday, 13 May 2010 23:28

**Subject:** Olympic Airlines - Confirmation of Itinerary: LIJ7RY
**Date:** Friday, 13 March 2009 20:20
**From:** Olympic Airlines <bookings@olympicairlines.com>
**To:** ks1@theschneider.com
**Conversation:** Olympic Airlines - Confirmation of Itinerary: LIJ7RY

THANK YOU FOR BOOKING WITH OLYMPIC AIRLINES

You have successfully completed your travel reservation

**BOOKING REFERENCE: "LIJ7RY"** (please refer to this number whenever you contact us)

**Passengers Name**

1   ADT(s)   MR Kenneth Schneider            Ticket Number: 0502101854876

**Your Itinerary**

| From | To | Departure | Arrival | Flight | Travel Category | stops |
|---|---|---|---|---|---|---|
| New York-JFK | Athens | 17:30, 28/3/2009 | 10:10, 29/3/2009 | OA412 | Economy Restricted | 0 |
| Athens | Larnaca | 12:50, 29/3/2009 | 14:25, 29/3/2009 | OA8313 (operated by Cyprus Airways) | Economy Restricted | 0 |

**Fare Summary**

| Passengers | Fare | Taxes/charges | Total fare charged |
|---|---|---|---|
| 1 ADT | USD448.00 | USD201.40 | USD649.40 |
|  |  | TOTAL | USD 649.40 |

**Ticket delivery**

If you have an electronic ticket, that is you have been given in your confirmation e-mail a Booking Reference Number and a Ticket Number, please proceed directly to check-in of your departure airport. In case you are not given a Ticket Number in your confirmation e-mail but only a Booking Reference Number, paper tickets will be sent to the OA offices of the departure airport of your flight to be picked up before departure. Paper tickets should be collected by passenger showing an ID-card or passport.

**Important Notices:**

1. **General** This a confirmation e-mail, sent automatically upon on-line booking. Please, do not reply to this e-mail. You can find useful information in our website www.olympicairlines.com (USERS HELP / FAQ). Should you need to

Page 1 of 2

2

D-2

contact us, you can do it using the CONTACT section.
2. **USA Requirements** Passengers who travel ATHENS-N.YORK, must provide additional information, in accordance with the U.S. regulations. Visit FAQ -- "When traveling Athens-N.York: what information I should provide and how I do this?" for relevant information.
3. **Check-in** For Greek airports, check-in opens 2 hours before departure and it must be completed at least 30 min. prior to departure for domestic flights or 45 min. for international flights. For General Conditions of Carriage (Passenger and Baggage) please consult our website (bottom).
4. **E-check-in** Web-Checkin is available through our ONLINE SERVICES section, for OA flights (domestic and international / with or without baggage), departing within 24 hours to 90 minutes from all Greek airports.
5. **Carriers Liabilities** Carriers liability is subject to the Montreal convention and reg. /ec/ no 2027/1997 as amended by reg. /ec/ no 889/2002. In case of death or injury of passengers there is an unlimited liability of the carrier. In case of destruction loss damage or delay of baggage liability is limited to 1000 special drawing rights /approx. EUR1230/ for each passenger. For a baggage greater in value than this figure the passenger should have obtained full insurance prior to travel or the passenger can benefit from a higher liability limit by making a special declaration at the latest at check-in and by paying a supplementary fee. In the case of damage caused by delay in the carriage of persons the liability of the carrier for each passenger is limited to 4150 special drawing rights /approx. Eur 5.100/. Time limit for any action in court is two years from the date the aircraft arrived or ought to have arrived. Baggage complaint to be filed in writing to the carrier for damage of checked baggage complaint to be filed within 7 days and for delay of checked baggage to be filed within 21 days both from the date on which baggage was placed at passengers disposal. Please note that the security laws of many countries /such as the us and canada/ require airlines to give security customs and immigration authorities access to passenger data /so-called personal name record/pnr/. Should you be traveling to one of these countries this means that your personal data and your travel arrangements may be disclosed to the relevant authorities in these countries. Carriage and other services provided by the carrier are subject to conditions of carrier which are here incorporated by reference and can be obtained from the issuing carriers offices. If your journey also involves carriage by other airlines you should contact them for information on their limits of liability and conditions of carrier.
6. **General Information** If you have been waitlisted by any of our agencies this waiting list does not apply at the airport where a new waiting list starts two /2/ hours prior to departure for domestic flights and three /3/ hours for international flights. Oa assumes no responsibility for the loss of a connection on an international flight caused by a delay on a domestic flight for which a separate ticket has been issued and vice versa. Id or passport is required for your boarding
7. **Government Imposed Taxes Fees Charges** The price of this ticket may include taxes and fees which are imposed on air transportation by government authorities. These taxes and fees which may represent a significant portion of the cost of air travel are normally shown separately in the tax box/es/ of this ticket they change constantly and can be imposed or altered after the date we have issued your ticket. You may be required to pay taxes or fees not already collected.
8. **Reconfirmation** You must reconfirm onward or return reservations at least 72 hours before departure of your flight. If you fail to reconfirm your reservation/s/ may be automatically cancelled.
9. **Important Notice for Domestic and International Services** Only one piece of carry-on baggage is authorised in the cabin. Check your baggage weight and contents transportation regulations for pets that you might want to take along travel documents entry requirements with us or our authorized agents. In case a passenger cancels the reservation mentioned on the ticket cancellation fees apply according to the restriction of the fare. For any further details please contact oa offices or your travel agent. A requested change of reservation i.e. cancellation change of date or flight will be valid once endorsed and signed on the ticket by oa authorized staff only. This also includes changes requested by phone. If you fail to cancel a booking before the check-in deadline for your flight and do not show up for the flight your onward or return journey may be automatically cancelled. For domestic flights if the passenger does not show up to travel the cancellation charge is eur 30.00 domestic tickets no refund or replacement will be made in case your ticket is lost
10. **Dangerous Goods in Baggage** Complete text of all dangerous goods restrictions at www.olympicairlines.com
11. **Flight Schedule Changes** Please be informed that for any flight schedule changes due to operational reasons, you will be notified by e-mail to the e-mail address you indicated during your on-line booking. Please secure access to your e-mail account otherwise you can call your local OA office or our central Reservations Department Greece, 24 hours before flight departure.

ALL CONTENTS © OLYMPIC AIRLINES S.A.

DISTRICT COURT OF LARNACA
BEFORE: A. David, District Judge

### Extradition Application 4/10

In relation to the Extradition Law, N97/70

And

In relation to the Application for the extradition of Kenneth Schneider

**Date: 29 March 2010.**

**Appearances**

For the Applicants: Mrs. Spiliotopoulou.

For the Respondent: Mr. Charalampous.

The Respondent is present.

The interpreter is Mr. A. Chatzifilippou who swears that he will translate faithfully and true from Greek to English and vice versa as best as he can.

### Ex-tempore Judgment

An application has been presented before me for the extradition of Mr. Kenneth Schneider based on a notice that was issued from the U.S.A. I understand that on the basis of this notice an arrest warrant has been issued from the President of the District Court of Larnaca-Famagusta. The warrant concerns the arrest and the extradition of the Respondent to the authorities of the United States for the purposes of his criminal prosecution for offences concerning the transportation of a minor for the purposes of having illegally sexual intercourse and the transportation of a person for having illegally sexual activity, offences which seem to be recognized by the laws of the United States and by the laws of the Republic of Cyprus. For all the offences the law provides for the possibility of imposing multi-annual prison sentences, both in the United States and in the Republic of Cyprus.

The Court for the reasons that has already explained, fixed the case on a very short time, basically in two days, because this was the request of the Respondent, who explained that possibly after he will consulting his lawyer he will consent for his extradition to his origin country. However, he would like to consult his lawyer in the U.S.A. for this issue before he proceeds to his final decision.

After the appointment of the case, a matter was raised concerning the guarantee of the Respondent's presence before the Court, on the day that the case was fixed. The Applicant's lawyer asked for the Respondent to remain in custody until then while the Respondent's lawyer suggested that his presence can be guaranteed by the Court imposing conditions on him. It is not my intention to repeat literally the arguments of

both sides. It is sufficient to note that the Applicant's lawyer suggested that the offences for which the arrest warrant was issued, following the relevant notice, are very serious, indicating that the Respondent does not appear to have substantial links with the Republic of Cyprus. The Respondent's lawyer without neglecting the short period that the case was fixed, supported emphatically that the Respondent is a person with a higher academic education, lawyer in profession, that he was a graduate from a famous university and a member of the boards of various organizations, the Aeroflot of the Russian federation among others. Is a person who is the only foreign lawyer registered to the Russian Bar Association and he is a member of a large law firm that is operating in many countries that he referred. He also indicated that he is the president of a foundation that is based in Cyprus providing legal services and this is the reason that he comes and goes to the Republic of Cyprus, having secured capital facilities on a personal level. He deposited to the Court various credit cards of banking institutions of Cyprus which they operate in Cyprus and have issued credit cards in his favor.

He also noted that any period he may spend in detention will have a catalytic impact for his client and for the various organizations that he represents. He underlined the fact that the complaints are concerning allegedly offences that were made many years ago for which just recently a complaint has been filed. He also pointed out the various problems due to his state of health, of which he referred at some length, which surely will be increased if he will remain under restrictions and in a detention.

It should be emphasized that all the above have not been challenged from the Applicants.

It is well known that the main task of the Court when dealing with the issue of the detention of a person until the trial is to balance the individual right of personal liberty resulting from Article 11 of the constitution of this country and Article 6 of the European Convention for the Protection of Human Rights, a Convention that the Republic of Cyprus has ratified with a law, to ensure his presence during the hearing of the case, always in favor of justice.

The reasons that the Court may consider in exercising this discretion, whether and how a person will remain in custody until his trial, apply and in the case where is considering an Extradition Application issue. The Court should take into account among many factors, the risk of non- attendance of the Respondent before the Court, the possibility to commit other offences even the possibility of influencing witnesses.

In our case, the Applicant raised only one factor to which the Court should consider especially the possibility of non-attendance of the Respondent because of the seriousness of the offence that the Respondent is facing assisted by the fact that he does not have any links to the Republic. It is a fact that it is not necessary that all factors apply in order to succeed with an application for detention pending trial, such as the one of our case, but is enough to have only one factor. In our case, underlying all those which had been brought to the Court without being challenged, I am not satisfied that the Respondent lacks any links with the Republic because it seems that he appears repeatedly in the Republic in his capacity as a lawyer and as the president of the organization which is based in the Republic having secured a number of the Country's banking capital facilities.

The seriousness of the offence that the Respondent is facing is obvious. However the seriousness of these offences without other factors that would justify the detaining of a person, does not justify his detention. The circumstances surrounding the case and the Respondent together with the fact that he was arrested and his extradition is requested for offences that he allegedly committed between 1998 and 2004, make me feel that they allow to the Court, despite the short time during which the case was fixed, to conclude that the guarantee of his presence before the Court at the hearing date can be secured through the imposition of such conditions, other than the imposition of the last resort, the resort of detention.

Hence, the Respondent will remain free until the next hearing on the condition that:

-he will deposit his passport and any other travel documents to the authorities of the Republic,
-his name will be put on the list of the persons whose exit from the country is prohibited,
-he will appear two times a day to the police station of Yermasoyia between 7:00 am – 9:00 am and 11:00 pm – 1:00 pm and
-he will deposit 50.000 EURO as a guarantee

A. David, D.J.

True Copy

Registrar

4

# T.M.D. Enterprises

*Real Estate Appraisers and Consultants*

Thomas Descano (1912-1962)
Henry A. Descano (1947-1997)
Thomas M. Descano, CGA

51 N. State Road
Springfield, PA 19064
610 544-3810
e-mail: tmd4real@verizon.net

April 29, 2010

Dr. & Mrs. Bernard Schneider
832 Darby Paoli Road
Berwyn, PA 19312

      Re: 832 Darby Paoli road
         Berwyn, PA 19312

Dear Dr. & Mrs. Schneider:

Pursuant to your request, I have made an inspection of and prepared an appraisal report relative to estimating the Market Value of the above captioned property.

Based upon the attached Analysis and Conclusions the Market Value of the subject property, as of the date of valuation, April 28, 2010 was:

        Two Million Dollars
        ($2,000,000.00)

This is to certify that I have carefully examined the captioned property; that my employment was in no way contingent upon the amount of the valuation; that I have no present or contemplated future interest in the property; that my valuation was based on a thorough analysis of the available data, a study of local market conditions and knowledge of real estate over a long period of active real estate transactions.

I assume no responsibility for matters that are legal in nature, or for any opinion on the title rendered herewith. This appraisal assumes good title. Any liens or encumbrances that may now exist, have been disregarded and the property appraised as though free and clear of any indebtedness.

This is a Summary Appraisal Report.

A Summary, report prepared in compliance with rule 2-2b of the Uniform Standards of Professional Appraisal Practice is a brief synopsis of the data, analysis and conclusions contained in the appraisers permanent file. The Scope of Work is outlined in the Appraisal Report.

I hope this report is sufficient for your purposes, and thank you for the opportunity to be of service.

Respectfully submitted,

*Thomas M Descano*

Thomas M. Descano
Pennsylvania Certified
General Real Estate Appraiser
Certification #GA 000312 L

*Quality Service – A Family Tradition Since 1912*

7

D-5

# PHILADELPHIA SUBURBAN CREDIT BUREAU
Phone: 610-891-7700          Fax: 610-891-1900 and 610-891-0800

REAL ESTATE SEARCH

Stradley-80638D                Attn: Diane Hope           Report Dated: 5/10/2010
Subject: Schneider Family Partnership

| | |
|---|---|
| Property Owned By: | Schneider Family Partnership |
| Description: | 832 Darby-Paoli Road, Easttown Township, Chester County, PA |
| Date of Deed: | 12/22/2000    Recorded:    2/13/2001 |
| Grantor: | Bernard Schneider and Marjorie Schneider, husband and wife |
| Book: | 4896    Page:    860 |
| Consideration: | $1.00 |
| Parcel Number: | 55-4-167 |
| Assessment: | $230,780.00 |
| Mortgage(s): | None |
| Judgment(s): | None |
| Federal Lien(s): | None |
| Delinquent Taxes: | Current |
| Remarks: | *Prior Deed, Bernard A. Sack, Richard Sack, & Harry Stubbs to Bernard Schneider and Marjorie Schneider, recorded 5/8/1984 in book 163 page 515 |
| Cover Date: | 4/9/2010 |

*Please note: Search covers from 1984 forward* (handwritten)

The information contained in this Search has been obtained from available public records from the Court House, but the Bureau is not responsible for its verity. IT MUST BE HELD IN STRICT CONFIDENCE AND NOT REVEALED TO THE PERSON REPORTED UPON OR ANYONE ELSE.

8                                                                                                    D-6