IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| vs. : | |
| : | NO. 10-cr-00029 |
| KENNETH SCHNEIDER : | |
| : | |
| : | |

FILED
JUN 03 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

AND NOW, this 3rd day of June, 2010, following <u>de novo</u> review of Defendant, Kenneth Schneider's Motion for Revocation of Detention Order and for Determination of Conditions of Release, the Government's Response, review of all exhibits and a hearing thereon, this Court makes the following findings:

1. Following a hearing on June 1, 2010, United States Magistrate Judge Lynne A. Sitarski granted the Government's Motion for Pretrial Detention.

2. Defendant is charged in a two-count indictment with traveling for the purpose of engaging in sex with a minor in violation of 18 U.S.C. § 2423(b) and transporting a person for criminal sexual contact in violation of 18 U.S.C. § 2421.

3. These charges constitute "crimes of violence" for the purposes of the Bail Reform Act, 18 U.S.C. § 3156(a)(4)(C), making detention possible under 18 U.S.C. § 3142(c)(1), (f)(1)(A).

4. The government has established probable cause to believe the Defendant has committed the charged offenses, thus establishing a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person

1

as required and the safety of the community." 18 U.S.C. § 1342(e)(3)(E). Assuring a criminal defendant's appearance at trial is a legitimate government objective. Detaining adults who prey on children for the adult's gratification is also a legitimate government objective. One of the fundamental duties of government is public safety, including protecting children from sexual predators.

5. The government contends Defendant failed to rebut the presumption favoring detention. Alternatively, the government contends, assuming Defendant rebutted the presumption, the government presented sufficient evidence to establish Defendant is a danger to the community and a flight risk.

6. At the hearing, Defendant showed that his family is willing to act as third-party custodians of Defendant and that, if he fails to appear for trial, his family will forfeit a $2,000,000 equity interest in Defendant's parents' home in Berwyn, Pennsylvania. Therefore, the Court concludes that Defendant has met his burden of production to rebut the detention presumption. Nevertheless, the presumption favoring detention does not disappear, but remains for consideration. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001).

7. A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will <u>reasonably assure</u> the safety of the community and by a preponderance of the evidence that no condition or set of conditions ....will <u>reasonably assure</u> the defendant's appearance...18 U.S.C. § 3142(c), (e)-(f)). (Emphasis added).

8. In determining if release conditions exist that will reasonably assure the

appearance of a defendant at trial and the safety of the community, the court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual. 18 U.S.C. § 3142(g).  Yet, "the characteristics that will support pretrial detention may vary considerably in each case, and thus Congress 'has chosen to leave the resolution of this question [what kinds of information are a sufficient basis for the denial of release] to the sound discretion of the court's acting on a case-by-case basis.'" United States v. Delker. 757 F.2d 1390, 1399 (3d Cir. 1985).

9. Defendant has no prior criminal history.  However, the nature of the crime charged-sexual activity with a minor-weighs heavily against release.  It is charged that the Defendant engaged in a sexual relationship with the minor over a number of years from 1998-2004, even transporting the minor to Philadelphia in 2001 where, it is charged, the sexual activity continued.  Even though Defendant argues that there is only one victim in this case, the Court finds that sexual contact with even one minor victim renders Defendant a clear danger to the community in general and to minors in particular.

10. Although Defendant is a United States citizen, the Court is very concerned that Defendant has spent the past year abroad traveling on business to Austria, China, Cyprus, the Czech Republic, India, Japan, Norway, South Korea, Sweden, the Ukraine and the United Kingdom, while never returning to the United States.  Two of these countries, China and the Ukraine, do not have extradition treaties with the United States. Defendant

returned to the United States on an international arrest warrant from Interpol. Defendant also has a primary overseas residence and address in London, England. He has no reason to stay in the United States. All of his business is transacted outside of the United States. He has substantial foreign contacts who could easily enable him to flee and remain in unknown locations outside the United States for an indefinite period.

11. The evidence at the hearing revealed that Defendant has ample financial resources to fund his own flight, including several overseas accounts (including in Sweden and Cyprus) that contain between $100,000 and $1,000,000. By his own admission, Defendant is a successful international transactions attorney and businessman who practices throughout Europe and the Eastern Bloc. Defendant paid over $60,000 in cash for his bail which was set in Cyprus. Even though the Government currently holds his passport, the Court finds that Defendant has the practical and financial means to flee the jurisdiction. Defendant also faces a maximum sentence of 25 years and a $500,000 fine which strongly reduces the significance of the surety amount and weighs strongly in favor of a finding that Defendant would be a flight risk. Although electronic surveillance is available, when considering all the factors at issue in the present case, there is insufficient evidence to assure Defendant's appearance at trial. See Mercedes, 254 F.3d at 437 (noting home detention, family assurances and electronic monitoring not sufficient in the face of strong evidence defendant presented flight risk and danger to community).

12. The Court finds that, although Defendant has rebutted the presumption in favor of detention, the Government has nevertheless proven by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that Defendant is a

4

danger to the community.

13. The Court, therefore, DENIES Defendant's Motion for Revocation of Bail and AFFIRMS United States Magistrate Judge Lynne A. Sitarski's Order of Detention.

BY THE COURT:

_____
THOMAS M. GOLDEN, J.[1]

---

[1] Since the Honorable Juan R. Sanchez to whom this case is assigned was sitting in the United States District Court for the District of the Virgin Islands at the time the Motion was filed, it was referred to the undersigned acting as Emergency Judge.