**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

```
UNITED STATES OF AMERICA        :
                                :
    v.                          :     No. 2:10-CR-29
                                       (Sánchez, J.)
KENNETH SCHNEIDER,              :
                                      FILED ELECTRONICALLY
    Defendant.                  :
```

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS (STATUTE OF LIMITATIONS)

The defendant, Kenneth Schneider, has moved this Court pursuant to Fed.R.Crim.P. 12(b)(3)(A) to dismiss the indictment with prejudice, on the ground that these proceedings were not instituted within the applicable statute of limitations. For the following reasons, the motion should be granted.

On January 14, 2010, defendant Schneider was charged in a two-count, one-defendant Indictment, which was filed under seal. Count One charges a violation of 18 U.S.C. § 2423(b) (traveling in foreign commerce for the purpose of engaging in sex with a minor), and Count Two charges a violation of 18 U.S.C. § 2421 (transporting a person internationally for criminal sexual contact). The indictment was unsealed on March 30, 2010. Both offenses allegedly were committed "on or about August 21, 2001." Neither is a capital offense.

Unless "otherwise expressly provided by law," the statute of limitations for the indictment of non-capital federal offenses is five years. 18 U.S.C. § 3282. When the indictment in this case was returned, in January 2010, more than eight

years had passed since the alleged commission of the charged offenses on or about August 21, 2001.  Since no other statute "expressly" applies to suspend or extend the statute of limitations, or to create a different and longer statute, for either offense charged in this case, the indictment must be dismissed.

**1. Section 3299 does not apply**.

On July 27, 2006, the President signed into law the "Adam Walsh Child Protection and Safety Act," Pub.L. 109-248 (109th Cong., 2d Sess.), 120 Stat. 587.  Title II of that Act consists of "Federal Criminal Law Enhancements" for violent crimes against children.  One of those provisions (§ 211 of the Act) purportedly abolished any statute of limitations for many federal offenses committed against minors.  That provision, which is codified at 18 U.S.C. § 3299, declares:

> Notwithstanding any other law, an indictment may be found ... at any time without limitation ... for any felony under chapter 109A, 110 (except for section 2257 and 2257A), or 117, or section 1591.

The offenses charged in this case are both codified in Chapter 117 of title 18.  Nevertheless, because Congress did not make the new law retroactive, section 3299 does not apply to the present case.

Under longstanding Third Circuit precedent, newly created and newly extended federal statutes of limitations for criminal cases, like § 3299, are presumed, "in the absence of a clear expression to the contrary," to operate only prospectively.  In other words, they are inapplicable to offenses committed prior to the date of enactment of the new statute.  See United States

v. Richardson, 512 F.2d 105, 106 (3d Cir. 1975) (per curiam) (affirming dismissal, notwithstanding statutory amendment enacted within five years after offense was first committed, under which indictment would have been timely).  This rule of statutory construction applies notwithstanding the rule that if Congress provides for retroactive application of an extended limitations period, there will be no ex post facto violation so long as the pre-existing statute of limitations had not run by the time the new and longer one was enacted.  Richardson, 512 F.2d at 106[1]; accord, United States v. Owens, 965 F.Supp. 158, 164-65 (D.Mass. 1997) (Congressional intent does not show that newly extended, 1994 statute of limitations for certain federal murder offenses applies to homicides committed prior to effective date).

In other words, a newly extended statute is not to be deemed applicable to previously committed offenses simply because it would not be unconstitutional to apply it retroactively, had Congress so provided.  First, there must be statutory language clearly providing for retroactive application of the new law.  In this case, nothing in the 2006 Act expresses a Congressional intent -- clear or even vague -- to apply the new elimination of the statute of limitations found in § 3299 to

---

[1] See Stogner v. California, 539 U.S. 607, 618 (2003) (extended statute of limitations violates ex post facto, as applied to defendant against whom prior statute had expired prior to enactment of new provision), citing Richardson with approval on this point.  In Mr. Schneider's case, it happens the 2006 Act was enacted about a month before the five-year limitations period following August 21, 2001, was due to elapse.

previously-committed offenses.  Accordingly, the abolition of limitations periods for Chapter 117 offenses does not apply to this pre-2006 case.

Congress does not lack the drafting skill to make its will known when it wishes to overcome the Richardson presumption against retroactivity of extended statutes of limitations.  For example, in 1989, Congress upgraded the financial crimes laws in the wake of the savings and loan scandals of the mid-80s.  Part of that package was an extension of the general statute of limitations from five years to ten for certain federal offenses when they "affected a financial institution."  See 18 U.S.C. § 3293.  In adopting that law, Congress expressly provided, "(b) The amendments made by subsection (a) shall apply to any offense committed before the date of the enactment of this section, if the statute of limitations applicable to that offense had not run as of such date."  Act of Aug. 9, 1989, Pub.L. 101-73, § 961(*l*)(3)(b), 103 Stat. 501.  Congress used the same language again the next year when it enacted a subsection § 3293(3) adding RICO offenses involving bank fraud to the list of crimes covered by that ten-year statute. See "Comprehensive Thrift and Bank Fraud Prosecution and Taxpayer Recovery Act of 1990," enacted as title XXV ("Banking Law Enforcement") of 1990 Crime Control Act, Pub.L. 101-647, § 2505, 104 Stat. 4862 (Nov. 29, 1990) (amendment "shall apply to any offense committed before the date of the enactment of this section, if the statute of limitations applicable to that offense had not run as of such

date"). Yet no such language was included in the Adam Walsh Act, Pub.L. 109-248, § 211, when § 3299 was adopted in 2006.

Under Richardson, it follows inexorably that the abolition of any statute of limitations for the offenses charged in this case does not apply to the indictment of Mr. Schneider, and that this case is time-barred unless some other law allows prosecution for an offense under § 2421 and/or § 2423(b) committed more than five years prior to January 2010.

**2.  Section 3283 does not apply**.

In August 2001, section 3283 of title 18 already provided a special extended statute of limitations for certain "child abuse offenses."  At the time,[2] that provision read:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years.

The indictment in this case alleges (Ct. 1, ¶3) that "R.Z." was born in March 1986.  If so, he was less than 18 years old in August 2001 (to wit, 15 years old), and in January 2010 he was not yet 25 (specifically, a few months shy of 24).  Nevertheless, section 3283 does not apply to either offense charged in this case, because neither is "an offense involving the sexual

---

[2] Section 3283 has been amended twice since 2001 (once in April 2003 and again in January 2006), but Congress did not provide for either of these provisions (Pub.L. 108-21, § 202 (April 30, 2003); Pub.L. 109-162, § 1182(c) (Jan. 5, 2006)) to be retroactive.  Hence, neither can apply.  See Point 1 ante.  Compare United States v. Sure Chief, 438 F.3d 920 (9th Cir. 2006) (not following Third Circuit anti-retroactivity rule established in Richardson).

-5-

or physical abuse of a child under the age of 18 years" within the meaning of this statute.

As already noted, section 3282 applies to all non-capital federal felonies and establishes a five-year limitations period unless another statue "expressly" provides otherwise. Purported extensions or suspensions of criminal statutes of limitations are construed narrowly, that is, "liberally ... in favor of repose." United States v. Atiyeh, 402 F.3d 354, 365 (3d Cir. 2005), quoting Toussie v. United States, 397 U.S. 112, 115 (1970) (and earlier cases). Under both the strictly limited § 3282 proviso and this governing rule of statutory construction, section 3283 does not apply to either offense charged in Mr. Schneider's indictment.

   *(a) Count Two.* Section 2421 of title 18, the offense charged in Count Two, prohibits the act of transporting "any individual" in interstate or foreign commerce "with intent that" the person engage in sexual conduct for which any person (that is, either the defendant, the person transported, or a third party) could be charged with a crime. Nothing in this law requires that the person transported be less than 18 years old. Accordingly, section 2421 is not, by its nature, an offense "involving the sexual or physical abuse of a child under the age of 18 years." In Bridges v. United States, 346 U.S. 209 (1953), the Supreme Court held that a special suspension of the criminal statute of limitations for offenses "involving the defrauding of the United States" did not apply to a count charging the petitioner with making false statements to a government agency and

conspiring to do so. As one of two separate grounds for its decision, the Court held, following several earlier decisions of a similar nature, that laws providing exceptions to statutes of limitations for fraud offenses against the government are "limited strictly to offenses in which defrauding or attempting to defraud the United States is an *essential ingredient of the offense charged*." Id. at 221 (emphasis original). "The insertion of surplus words in the indictment does not change the nature of the offense charged." Id. at 223.[3]

So here, section 2421 does not have as an "essential ingredient" that the person transported be less than 18. It is therefore irrelevant, for present purposes, that the indictment happens to aver (Ct. 2, ¶1, incorporating Ct. 1, ¶5) that "R.Z." was in fact less than 18 in August 2001. Under § 3283, construed in accordance with Supreme Court precedent, "an offense" does not "involv[e]" the abuse of a child unless abuse of such a person is an essential element of the offense charged. Indeed, the limited scope of § 3283 (in light of Bridges) may help explain why Congress, when it enacted § 3299 in 2006, did not repeal § 3283: section 3299 supplements § 3283, it does not

---

[3] Compare United States v. Grainger, 346 U.S. 235 (1953) (companion case to Bridges; where defrauding of U.S. was an essential element of offenses charged, cases held to come within wartime suspension provision of statute of limitations for fraud cases). This "formal categorical approach" is similar, of course, to how federal courts approach the question of whether a prior offense is an "aggravated felony" under immigration law, Evanson v. Att'y General, 550 F.3d 284, 290 (3d Cir. 2008), or a "crime of violence" under the Armed Career Criminal Act. See Taylor v. United States, 495 U.S. 575 (1990); Begay v. United States, 553 U.S. 137, 141 (2008).

supersede it; each covers offenses the other may not.  For this reason, § 3283 does not apply to Count Two of Mr. Schneider's indictment, and that count must be dismissed.

  *(b) Count One.*  Under the principle reiterated by the Supreme Court in Bridges, Count One must be dismissed for a similar reason, which also provides a second basis for dismissing Count Two.  The offense charged in Count One, 18 U.S.C. § 2423(b), as it stood in mid-2001,[4] made it a federal offense for a U.S. citizen to travel in foreign commerce "for the purpose of engaging in any sexual act with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States ...."  It is not an "essential ingredient" of this offense that any "sexual or physical abuse of a child" be "involv[ed]"; indeed, the Third Circuit has held that no minor need even actually exist.  The essence of the offense is the travel, coupled with a certain subjective intent on the part of the defendant, even if impossible to achieve because the imagined minor does not exist or the intended sex partner is not in fact a minor.  See United States v. Tykarsky, 446 F.3d 458, 469 (3d Cir. 2006) ("By its unambiguous terms, § 2423(b) criminalizes interstate travel for an illicit purpose.  The actual age of the intended victim is not an element of the offense .... It 'make[s] no difference that an actual minor was

---

[4] The present wording of § 2423(b) is quite different, but for ex post facto and effective date reasons does not apply.  Mr. Schneider's indictment charges the 2001 language.

-8-

not involved.'"). Thus, under <u>Bridges</u>, Count One is not encompassed within the special statute of limitations provided in § 3283.[5]

Indeed, the same reasoning applies to Count Two, and provides a second ground why § 3283 does not apply to that offense: Section 2421 is also simply a travel statute, which need not "involve" (as an element) any sexual act at all, but only the defendant's subjective <u>intent</u> that the person transported engage in illicit sexual activity.

For all these reasons, the fact that § 3283 existed in 2001 and allowed prosecution of certain long-past offenses if the victim had not yet turned 25 does not prevent dismissal of Mr. Schneider's indictment on statute of limitations grounds.

## **CONCLUSION**

An alleged violation of either 18 U.S.C. § 2421 or <u>id.</u> § 2423(b), committed on or about August 21, 2001, as charged in this case, was subject to indictment only during the five-year

---

[5] The Third Circuit's 2-1 decision in <u>United States v. Gollapudi</u>, 130 F.3d 66, 68-71 (3d Cir. 1997), is not to the contrary (as, indeed, it could not be). In <u>Gollapudi</u>, the Court held that the Internal Revenue Code's 6-year statute of limitations, rather than the Code's 3-year provision, applied to the offense of failure to account for and pay over withheld tax, 26 U.S.C. § 7202, even though the limitations provision at issue referred to "the offense" of "failure to pay any tax," arguably a direct reference to <u>id.</u> § 7203. Since other subsections of the 6-year statute referred to particular provisions by section number, while this one did not, and because a violation of § 7202 always requires the nonpayment of a tax as an element, the majority held that the statute's plain language made the longer limitations period applicable. Here, the element required by the extended limitations statute does not exist in either § 2421 or § 2423(b).

period established by 18 U.S.C. § 3282, which is the applicable statute of limitations. Instead, both charges have been brought outside that period. Accordingly, the indictment in this case must be dismissed with prejudice.

Dated: July 16, 2010

Respectfully submitted,

*s/Peter Goldberger*
PETER GOLDBERGER
 PA Atty. No. 22364
50 Rittenhouse Place
Ardmore, PA  19003

 (610) 649-8200
fax: (610) 649-8362
e: peter.goldberger@verizon.net

Joseph P. Green, Jr., Esq.
DUFFY & GREEN
138 West Gay Street
West Chester, PA  19380

 610-692-0500
fax: 610-430-6668
e: jpgreen@duffygreen.com

Attorneys for Defendant

CERTIFICATE OF SERVICE

On July 16, 2010, I served a copy of the foregoing document through the Court's electronic filing system on the attorneys for the government, as follows:

   Michelle Morgan-Kelly, Esq.
   Vineet Gauri, Esq.
   Daniel A. Velez, Esq.
   Assistant U.S. Attorneys
   615 Chestnut St., suite 1250
   Philadelphia, PA  19106

__s/Peter Goldberger_____