IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           :

    vs.                                                        :        2:10-CR-00029-JS

KENNETH SCHNEIDER                    :

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF FIRST MOTION IN LIMINE SEEKING EXCLUSION OF EVIDENCE OF UNCHARGED MISCONDUCT

Defendant has Moved this Honorable Court to exclude evidence of uncharged misconduct pursuant to Rules 403 and 404(b), F.R.Ev., and offers this Memorandum in support of that Motion.

Defendant is charged in a two-count Indictment with traveling in foreign commerce on August 22, 2001, with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), and with transporting a person in foreign commerce on August 22, 2001, for the purpose of engaging in anal intercourse in violation of 18 U.S.C. § 2421 and Article 133 of the Russian Criminal Code. Defendant is not charged with a sexual offense prohibited by United States substantive law. It should require no citation to note that the United States of America has no authority to prohibit sexual conduct, or misconduct, in foreign countries.

Defendant is not charged with substantive sexual offenses under United States law. He is charged with travel offenses, which are within Congress power to regulate foreign

commerce only *qua* travel. The government alleges in the Indictment and through discovery so far produced that it intends to offer evidence that defendant engaged in prohibited sexual conduct with the complainant in Russia from 1998 through at least "approximately 2004."[1]

Defendant objects to the introduction of evidence of alleged sexual misconduct over a long period of time that is apparently intended, and will surely have the effect, of turning this case into a state court child abuse case. Again, Congress has no power and has not pretended to prohibit child abuse in other countries.

Evidence of sexual misconduct substantially before and long after the charged offenses constitutes evidence of uncharged misconduct not admissible under Rule 404(b), and excessive evidence properly limited under Rule 403. Further, remote evidence of uncharged misconduct that occurred years before the charged crime and more than 12 years before the trial, has no real probative value, and any marginal probative value is grossly outweighed by the potential for unfair prejudice, confusion, waste of time and distraction. Accordingly, the evidence should be excluded in accordance with Rule 403.

In accordance with *United States v. Huddleston*, 485 U.S. 681, 691-92, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988), a court must engage in a four-part analysis to determine

---

[1] The government does not allege and has not suggested that defendant engaged in any sexual misconduct in the United States. In fact, in her Affidavit of probable cause that preceded the Indictment, that illicit sexual conduct ceased while defendant and the complainant were in the United States in August, 2001.

whether evidence of uncharged prior misconduct is admissible.

> First, it must determine whether the evidence is being offered for a proper purpose under Fed. R. Evid. 404(b). Id. at 691. Second, it must determine whether the evidence is relevant under Fed. R. Evid. 402. Id. Third, it must determine whether the probative value of the evidence is substantially outweighed by its risk of unfair prejudice as provided by Fed. R. Evid. 403. Id. And finally, if the evidence is deemed admissible, upon request, the court must "instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted." Id. at 691-92. See also *United States v. Sriyuth*, 98 F.3d 739, 745-46 (3d Cir. 1996) (articulating this four-part analysis).

See, *United States v. Ivins*, 2010 U.S. Dist. LEXIS 31647 *4-5 (E.D.Pa. 2008) (Slomsky, J.) (excluding uncharged misconduct evidence offered under Rules 403, 404(b) and 414). See also, *United States v. Bunty*, 617 F. Supp. 2d 359 (E.D.Pa. 2008) (Kauffman, J.) (excluding uncharged sexual misconduct evidence under Rules 403, 404(b) and 414).

Proper adjudication of these issues requires that the government outline with specificity the evidence of uncharged misconduct to be offered, along with a statement of the ground(s) on which admission is sought, so that the Court can exercise its responsibility under Rule 403 to determine whether the evidence sought to be offered here is properly admitted.

It is not enough for the government to say that evidence of sexual misconduct in 1998 is probative of defendant's intent when he traveled in 2001, and therefore ***every conceivable claim of sexual misconduct is relevant.*** It is particularly prejudicial for the government to attempt to prove the events of 1998 - 2000 when the complainant seems to have little recollection for specifics that can be fairly contested, and when the defendant is

3

extraordinarily handicapped in his ability to marshal and present evidence to dispute those allegations of long-ago conduct.

It is also true that evidence that defendant continued to have improper relations with the complainant from 2002 through 2004, for years after his travel, is not properly admitted at this trial. The obvious risk is that jurors will return a verdict intended to punish the thought of child abuse, rather than improper travel proved beyond a reasonable doubt. The government must be compelled to disclose its evidence of uncharged misconduct prior to trial so that the Court can exercise its responsibility to assess and to balance claims of probative value against manifest unfair prejudice.

Respectfully submitted,

***DUFFY & GREEN***

Dated: July 16, 2010

By: s/ Joseph P. Green, Jr.

138 West Gay Street
West Chester, PA 19380
610-692-0500
PA Atty ID 32604
jpgreen@duffygreen.com

***NOTICE OF SERVICE***

Electronic service of the Notice of Electronic Case Filing constitutes service of the filed document to all parties hereto and shall be deemed to satisfy the requirements of Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and Rule 49 of the Federal Rules of Criminal Procedure.