IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA              :

vs.                                    :        2:10-CR-00029-JS

KENNETH SCHNEIDER                      :

*SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S FIRST MOTION IN LIMINE SEEKING
EXCLUSION OF EVIDENCE OF UNCHARGED MISCONDUCT*

Defendant offers this Supplemental Memorandum to respond to the government's most recent filing and to outline the defendant's contentions regarding the application of the Third Circuit's decision in *United States v. Green,* No. 08-2330, 2010 U.S. App. LEXIS 16431 (3d Cir. August 9, 2010). This decision supports our contention that the government's evidence must be limited under Rule 404(b) and Rule 403.

The defendant's Motion is straightforward. Pursuant to Rules 404(b) and 403, the Court must determine whether evidence of uncharged sexual misconduct over a 6 to 8 year period is admissible at trial. Defendant is charged with unlawful travel on August 21, 2001. The government has expressed an intention to prove allegations of sexual misconduct beginning in 1998 and lasting at least until 2004. In order for the Court to meet its responsibilities under Rule 404(b), the Court must identify the challenged evidence, and determine (1) is the challenged evidence being offered for a proper purpose under 404(b), (2) is the challenged evidence relevant under Rule 402, (3) is the probative value of the challenged evidence outweighed by the risk of unfair prejudice under Rule 403, and (4) if the challenged evidence is admitted, what limiting instruction is required. See, *United States v. Sriyuth*, 98 F.3d 739, 745-46 (3d Cir. 1996) (articulating this four-part analysis); *United States v. Huddleston*, 485 U.S. 681, 691-92, 108 S.

Ct. 1496, 99 L. Ed. 2d 771 (1988). See also, *United States v. Ivins*, 2010 U.S. Dist. LEXIS 31647 *4-5 (E.D.Pa. 2008) (Slomsky, J.) (excluding uncharged misconduct evidence offered under Rules 403, 404(b) and 414); *United States v. Bunty*, 617 F. Supp. 2d 359 (E.D.Pa. 2008) (Kauffman, J.) (excluding uncharged sexual misconduct evidence under Rules 403, 404(b) and 414).

In order to adjudicate the Motion, the Court must identify the extrinsic evidence to be offered, and apply this four part Rule 404(b) analysis. At the hearing on the Motion, the government argued that any evidence bearing on the relationship of the complainant and the defendant was intrinsic and relevant, and not subject to Rule 404(b). Most importantly, the government had declined to specify precisely what sorts of evidence it will offer concerning the periods long before and long after the misconduct charged to have occurred on August 21, 2001.[1]

It is in this context that the Third Circuit's decision in *United States v. Green* must be considered. In *Green*, the Court held that evidence that defendant made a statement regarding his plan to "blow up" the agent who had arrested him and had attempted to purchase dynamite to further that plan was "extrinsic" to the federal charge of attempted possession with intent to distribute 500 grams or more of cocaine. Although the evidence was found to be extrinsic and therefore subject to the procedural protections of Rule 404(b), the evidence was ultimately admitted properly because the challenged evidence was relevant to the informant's motive to testify. The informant's motive to testify was relevant at trial after the defense had argued that the informant was falsifying in an effort to get money and other benefits in return for her

---

[1] We iterate here our contention that the government must identify precisely what evidence it will offer under Rule 404(b). We will rely on the government's letter and response as identifying the testimony of the complainant, and no other evidence, under Rule 404(b).

cooperation.

The Third Circuit had no trouble in *United States v. Green* in deciding that the alleged threat and statements regarding dynamite were extrinsic to the charged drug offense, and therefore subject to Rule 404(b). The Third Circuit's decision in *Green* confirms that the proposed allegations of remote misconduct in this case are not "intrinsic"to this prosecution, and the government candidly acknowledges that conclusion.[2] The parties do not agree, however, on the application of Rule 404(b) to the challenged evidence.

The government now says, in counsel's most recent letter, that all of the allegations of sexual misconduct from 1998 through 2006 are admissible under Rule 404(b) as (1) background information which "completes the story of the crime", (2) proof of defendant's intent when he traveled on August 21, 2001, and (3) bolstering the victim's credibility.

First, in order to apply Rule 404(b), the Court must identify the charged misconduct. In the Indictment, the substantive offense is stated in ¶ 5 of the Indictment:

> 5. In the summer of 2001, when R.Z. was 15 years old and SCHNEIDER was 36 years old, SCHNEIDER arranged for R.Z. to travel with him from Moscow, Russia to attend a summer program for ballet study at the Rock School in Philadelphia, Pennsylvania. Upon returning to Moscow, Russia in August 2001, SCHNEIDER continued his sexual relationship with R.Z., including engaging in oral and anal intercourse with R.Z.

The challenged evidence must also be identified. One of the principal protections of Rule 404(b) is notice. To the extent that the government has provided notice of its intended 404(b) evidence, the testimony of the complainant has been identified by the government as follows:

---

[2] The government had previously argued that al of its challenged evidence was intrinsic to the charged offense. *United States' Response to Defendant's Motion in Limine Seeking Exclusion of Evidence of Uncharged Misconduct*, at 4-6.

3

1.      Evidence of "grooming" in 1998 to encourage the complainant to engage in sexual relations "In order to understand that sexual relations were an ingrained and regular part of defendant's relationship with the victim at the time of their travel to the United States, thus establishing defendant's intent to re-engage the victim in sexual activity upon their return to Moscow, it is essential to show how the victim came to live with defendant in 1998 and how their sexual relationship evolved through defendant's efforts to "groom" the child in order to encourage him to ultimately engage in sexual acts." Government's Response to Defendant's Motion in Limine (Document No. 68), at 7;[3]

2.      Evidence from the Criminal Complaint that quotes the statements of the complainant that Schneider "molested" the complainant beginning in 1998, as set forth in ¶¶ 10 - 12, as follows:

> 10. Beginning approximately one week after R.Z. moved into SCHNEIDER's apartment, when R.Z. was 12 years old, SCHNEIDER began touching R.Z.'s genital area and eventually performed oral sex on R.Z. against R.Z.'s will. SCHNEIDER also told R.Z. that he wanted to help him take a bath. During the bath, SCHNEIDER started touching R.Z.'s penis and pulling down his foreskin in a way that was painful to R.Z. R.Z. told SCHNEIDER that it hurt and asked him to stop but SCHNEIDER continued. Ultimately, SCHNEIDER sodomized R.Z. SCHNEIDER continued to engage in oral and anal sex with R.Z. over the course of approximately 6 years, from the time that R.Z. was 12 years of age until the time that R.Z. was approximately 18 years of age.
>
> 11. SCHNEIDER plied R.Z. with various gifts and also psychologically manipulated him through fear and intimidation. When R.Z. resisted or expressed sadness about the abuse, SCHNEIDER told R.Z. that he should keep things secret because SCHNEIDER would get in trouble and could go to jail. SCHNEIDER added that people would not understand their relationship, and that R.Z.'s future as a ballet dancer would be over because he would have no financial support.

---

[3]     The government has not identified any witness who will testify abou tthe "grooming" that it proposes to prove. Presumably, the complainant and the government's proposed expert witness will be the only witnesses who testify to 404(b) material on this subject.

12. In the Summer of 2001, when R.Z. was 15 years old, SCHNEIDER brought R.Z. from Russia to the United States to study ballet at The Rock School in Philadelphia. They stayed at SCHNEIDER's parent's house in Berwyn, Pennsylvania. While in the United States, SCHNEIDER ceased all sexual activity except kissing and touching of the genitals. However, upon departing the United States on approximately August 22, 2001, and returning to Moscow, Russia, all sexual activity between the two resumed, including oral and anal sex. At that time, R.Z. was still 15 years old. SCHNEIDER was 36 years old.

The suggestion that evidence of 6 years of abuse is necessary to "complete the story" proves too much. The "story" here is the charged crime, improper travel on August 21, 2001. The proffered evidence from 1998 to 2001 and from the return to Russia in 2001 through 2006 does not complete the story of the crime, it proves an allegedly separate crime, or series of allegedly separate crimes, during those years. Again, the foreign commerce clause does not extend state sexual assault laws to the conduct of citizens in foreign countries.

The suggestion that some extrinsic evidence is necessary to prove defendant's intent under Rule 404(b) is well taken, but requires the Court to apply the 4 part analysis under Rule 404(b). The Court must consider (1) is the challenged evidence being offered for a proper purpose under 404(b), (2) is the challenged evidence relevant under Rule 402, (3) is the probative value of the challenged evidence outweighed by the risk of unfair prejudice under Rule 403, and (4) if the challenged evidence is admitted, what limiting instruction is required. See, e.g., *United States v. Sriyuth*, supra, 98 F.3d 745-46.

Some limited discussion of the alleged sexual relationship before and after August 21, 2001, could be relevant under Rule 402, but the risk of unfair prejudice from an extended discussion of such matters would warrant exclusion. For this reason, we suggested a period of 30 days after the return from the United States as a proper period of review. We note that the

prejudice to defendant from a discussion of 6 years of alleged misconduct involves the difficulty, indeed the impossibility, of securing witnesses from Russia and the former Soviet republics. It is extraordinarily prejudicial to permit the government to offer evidence that defendant has no ability to counter, where the compulsory process clause cannot reach into places where the United States has no constitutional authority to prosecute.[4]

Finally, the government apparently suggests that evidence concerning the entire period from 1998 until 2006 should be admitted to bolster the credibility of the complainant. That contention is not supported by the *Green* decision, or by the facts here.

In *Green*, the informant's cooperation was challenged for improper bias and motive, and the government was permitted to offer evidence that the informant cooperated because she was afraid of the defendant's threats to get dynamite and kill the agent. The Third Circuit stated that the admission of this evidence was a proper way to answer the attacks on the informant's credibility. That principle does not apply here to permit the bolstering of the credibility of the complainant. If Rule 404(b) were construed to permit the admission of any evidence of uncharged misconduct that bolstered the credibility of a government witness there would be no evidence excluded by the Rule.

---

[4] For example, defendant has requested that the gpovernment make an MLAT request for the production of witnesses and evidence in Russia regarding the period after the travel to Russia in August 2001. The government has declined to make an MLAT requets on behalf of defendant, contending that the Treaty only provides a right to goivernment discovery. This is precisely the sort of prejudice that can only be avoided by limiting the evidence offered at trial.

Here the parties advocate their most desired positions, and wait for the Court to rule. The government argues for permission to admit every conceivable allegation, and the defense seeks to limit the evidence to the charged travel crime(s). The Court has discretion under the Rules to draw the lines, and a responsibility to do so. This, we submit, is the teaching of the Third Circuit in *United States v. Green.*

Respectfully submitted,

***DUFFY & GREEN***

Dated: August 13, 2010               By: s/ Joseph P. Green, Jr.

138 West Gay Street
West Chester, PA 19380
610-692-0500
PA Atty ID 32604
jpgreen@duffygreen.com

### *NOTICE OF SERVICE*

Electronic service of the Notice of Electronic Case Filing constitutes service of the filed document to all parties hereto and shall be deemed to satisfy the requirements of Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and Rule 49 of the Federal Rules of Criminal Procedure.