IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | No. 10-29 |
| KENNETH SCHNEIDER | : | |

MEMORANDUM

**Juan R. Sánchez, J.**                                                                                           September 3, 2010

On August 22, 2001, Schneider traveled from the United States to Russia with a minor, the alleged victim in this case. As a result of his travel that day, Schneider is charged with traveling in foreign commerce with the intent to engage in illegal sexual activity with a minor, in violation of 18 U.S.C. § 2423(b), and transporting a person in foreign commerce with the intent that such person engage in criminal sexual activity, in violation of 18 U.S.C. § 2421. Schneider filed a pretrial motion in limine seeking to preclude all evidence of his uncharged sexual misconduct with the victim. By its Order of August 19, 2010, this Court ruled such evidence was admissible under Federal Rule of Evidence 404(b) because it is probative of Schneider's intent to engage in illegal sexual activity with the victim. This Court, however, reserved ruling on the extent of the evidence's admissibility and directed the Government to submit a brief outlining the evidence of sexual misconduct it seeks to introduce at trial to enable this Court to engage in a balancing test pursuant to Federal Rule of Evidence 403. *See United States v. Kellogg*, 510 F.3d 188, 199 n.11 (3d Cir. 2007) (citations omitted) ("In addition to the Rule 404(b) test, evidence of other crimes must also be evaluated against the unfair prejudice standard of Rule 403.").

1

On August 25, 2010, the Government submitted a brief summarizing statements made by the victim about Schneider's alleged sexual misconduct, beginning in late 1998 and extending to three months past August 22, 2001, the date charged in the indictment. Evidence of Schneider's prior misconduct with the victim is probative of Schneider's intent to engage in further misconduct on the date of travel, August 22, 2001. *See United States v. Staten*, 181 Fed. Appx. 151, 155 (3d Cir. 2006) (explaining it is more likely a defendant acted intentionally if he had previously engaged in the same or similar conduct). Thus, such evidence has a proper evidentiary purpose. *See United States v. Green*, No. 08-2330, 2010 U.S. App. LEXIS 16431, at *44-45 (3d Cir. Aug. 9, 2010) (explaining admissible evidence under 404(b) must have a proper evidentiary purpose and noting proof of a person's intent is a proper purpose). This Court must now determine to what extent the danger of unfair prejudice caused by introduction of the victim's statements is outweighed by the statements' probative value.

Federal Rule of Evidence 403 authorizes exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice[.]" Fed. R. Evid. 403. In conducting a 403 balancing test, "the trial judge must appraise the genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds." *Kellogg*, 510 F.3d at 199 n.11. Evidence is unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *United States v. Guerrero*, 803 F.2d 783, 785 (3d Cir. 1986) (internal quotation marks and citation omitted). To determine whether evidence is unduly prejudicial, this Court must consider:

> [1] the tendency of the alleged conduct to lead to a decision on an improper basis; [2] the nature or style of the witness's testimony; [3] the probability that the testimony is true; [4] the sufficiency of the other evidence submitted to reasonably tie the defendant to the crime alleged[,] and [5] whether the evidence inflames the jury.

*United States v. Crawford*, No. 09-1238, 2010 U.S. App. LEXIS 7812, at *11 (3d Cir. Apr. 15, 2010) (citing *Guerrero*, 803 F.2d at 786). At this preliminary stage of the litigation, it is improper for this Court to comment on the third and fourth factors, the probability that the testimony is true or the sufficiency of corroborative evidence. Thus, this Court will address the other three factors.

This Court first considers the tendency the alleged conduct could lead to a decision on an improper basis. Limited instances of sexual misconduct, on their own, are not substantially more prejudicial than probative. If this Court permitted the victim to testify about alleged sexual abuse which occurred beginning in 1998, however, such evidence would become cumulative. Moreover, there is a very real risk such evidence could lead the jury to make its decision on an improper basis. Namely, the jury would be so overwhelmed by the victim's detailed descriptions of sexual abuse that it would find Schneider guilty based on repulsion to the alleged acts and antipathy toward child sex abusers, instead of weighing whether, on August 22, 2001, Schneider intended to engage in sexual conduct with the victim. *See Johnson v. Elk Lake Sch . Dist.*, 283 F.3d 138, 153 n.8 (3d Cir. 2002) (explaining the "severe social stigma" attendant to crimes of sexual assault and child molestation creates a risk evidence of such acts will influence the jury to punish the defendant, rather than determine his culpability for the charged offense). This distinction is crucial because the acts of sexual abuse allegedly committed by Schneider from 1998 to August 2001 do not form the basis for the charges against Schneider. Instead, Schneider is charged with a crime of intent, and the jury will

3

be charged with determining not whether he actually engaged in abusive sexual practices, but whether he intended to engage in such practices on August 22, 2001. Therefore, exhaustive evidence of Schneider's prior and subsequent sexual misconduct would exceed the probative value of showing his intent on August 22, 2001, and would be unduly prejudicial.

The second factor requires the Court to consider the nature or style of the witness's testimony. The outlined testimony describes in graphic detail the sexual conduct engaged in by Schneider and the victim. The graphic nature of the evidence makes it extremely provocative and likely to induce an emotional response in the jury. *See United States v. Richardson*, 265 Fed. Appx. 62, 66 (3d Cir. 2008) (noting graphic evidence can be so provocative as to create an improper basis for a jury's conclusion). This Court must guard against the risk such evidence could cause the jury to base its decision on an emotional reaction. *See* Fed. R. Evid. 403 advisory committee's note (explaining courts should exclude evidence that risks "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"). Therefore, the second factor also weighs in favor of limiting the extent of evidence of Schneider's sexual abuse of the victim.

Finally, after weighing the third factor, it is evident a litany of abuse will invariably disgust and inflame the jury. The relevant factors thus suggest that, although evidence of prior sexual misconduct is relevant and probative, exhaustive evidence of such misconduct is unduly prejudicial. Moreover, sexual abuse which took place three years before the date charged in the indictment is too remote in time to have significant probative value regarding Schneider's intent on August 22, 2001. *See United States v. Larson*, 112 F.3d 600, 602 (2d Cir. 1997) (explaining exclusion of evidence of acts which are remote in time serves the goals of relevance and reliability of evidence). Accordingly, this Court will place temporal limits on the introduction of such evidence.

The Government stated it did not intend to offer evidence of sexual abuse which took place more than three months after the charged travel. The Court will thus limit post-travel evidence by three months, and will allow evidence of pre-travel conduct which occurred one year before the date of travel. *See Johnson*, 283 F.3d at 156 (explaining the closeness in time of the prior acts to the charged acts is one factor to consider in a 403 balancing analysis). Although such a time frame is unavoidably arbitrary, evidence of conduct taking place in the course of one year is sufficient for the Government to show Schneider's intent on August 22, 2001, but is appropriately limited to minimize the risk of unfair prejudice to Schneider.

Accordingly, the Court enters the following

**ORDER**

AND NOW, this 3rd day of September, 2010, it is ORDERED the Government may only introduce testimonial evidence of Defendant Kenneth Schneider's sexual misconduct with the victim in this case if such misconduct occurred during the period between August 22, 2000, and November 22, 2001.

This Court will permit evidence regarding the formation of the relationship between Schneider and the victim which extends back to 1998, but no evidence of sexual misconduct shall be permitted outside the period from August 22, 2000, to November 22, 2001.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.