**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO.  10-29** |
| **KENNETH SCHNEIDER** | : | **Trial Date: September 20, 2010** |

## GOVERNMENT'S TRIAL MEMORANDUM

The United States of America, by Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Michelle Morgan-Kelly and Vineet Gauri, Assistant United States Attorneys, respectfully submits this trial memorandum to assist the Court in the trial of this matter.  The trial is scheduled to begin on September 20, 2010.  The government expects the presentation of its evidence to last approximately three days.

## I.   THE INDICTMENT

The indictment alleges that on or about August 22, 2001, in the Eastern District of Pennsylvania, defendant traveled in foreign commerce with the intent to engage in a sexual act with a minor, in violation of Title 18, United States Code, Section 2423(b) (Count One), and that on or about the same date, defendant transported an individual in foreign commerce with the intent that such individual engage in any sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2421 (Count Two) .

A.    **Statutes Charged**

1.    At the time of the offense in 2001**, 18 U.S.C. § 2423(b) (travel with intent to engage in a sexual act with a juvenile)**, provided as follows:

"[A] United States citizen . . . who travels in foreign commerce, . . . for the purpose of engaging in any sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States" shall be guilty of an offense.

2.    At the time of the offense in 2001, Chapter 109A included as follows:

"Whoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly engages in a sexual act with another person who - (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging" shall be guilty of an offense.

18 U.S.C. § 2243(a).

3.    **A**t the time of the offense in 2001, **18 U.S.C. § 2421 (transporting a person to engage in a criminal sexual act)** provided as follows:

"Whoever knowingly transports any individual in interstate or foreign commerce . . . with intent that such individual engage in . . . any sexual activity for which any person can be charged with a criminal offense" shall be guilty of an offense.

4.    At the time of the offense in 2001, **Russian Criminal Code Section 133** provided as follows:

It shall be an offense to "compel[] a person to enter into illicit relations, pederasty, lesbianism, or the commission of other sexual actions by means of blackmail, threat of destruction, damage, or taking of property, or with the advantage of material or any other dependence of the victim."

B.    **Elements of the Offenses**

1.    **18 U.S.C. § 2423(b) (travel with intent to engage in a sexual act with a juvenile)**

In order to establish that the defendant committed the crime of travel with intent

to engage in a sexual act with a juvenile, the government must prove beyond a reasonable doubt each of the following elements:

a)   Defendant was a United States citizen;

b)   Defendant traveled in foreign commerce;

c)   Defendant did so for the purpose of engaging in a sexual act with a person under 18; and

d)   The sexual act would be a violation of Chapter 109A, if it occurred in the special maritime and territorial jurisdiction of the United States, to wit, a violation of 18 U.S.C. § 2243(a).

2.   **18 U.S.C. § 2421 (transporting a person to engage in a criminal sexual act)**

In order to establish that the defendant committed the crime of transporting a person to engage in a criminal sexual act, the government must prove beyond a reasonable doubt each of the following elements:

a)   Defendant transported a person in foreign commerce;

b)   With the intent that the person engage in sexual activity; and

c)   The sexual activity was the kind of sexual activity for which any person could be charged with a crime, to wit, a violation of Chapter 133 of the Russian Criminal Code.

## II.      THE GOVERNMENT'S CASE

### A.      Facts

United States citizen Kenneth Schneider, born in September 1964, is the Founder and President of the "Apogee Foundation," an arts-related foundation that purportedly provides assistance to children throughout the world who demonstrate aptitude in the fine arts.  In approximately 1998, defendant was in Moscow, Russia, and was introduced to two instructors at the Moscow State Academy of Choreography (also known as the "Bolshoi Academy"), Nikolai and Tatiana Dokukin, who at the time were husband and wife.

In the summer of 1998, Roman Zavarov, a Russian citizen born in Kazakhstan in March 1986, was 12 years old.  A promising student of ballet, Zavarov had recently been dropped from enrollment at the Bolshoi Academy because his parents, Andrei and Fanzilya Zavarov, could no longer afford to pay his room and board, and the family lived too far from the Academy for the child to commute.  Both parents had been ballet dancers, and the minor victim started attending the Academy in 1996, at the age of ten.

During the summer of 1998, Tatiana and Nikolai Dokukin brought defendant to the Zavarov's home unannounced, and introduced defendant as someone who was interested in sponsoring gifted children of the fine arts.  Despite the serious reservations of the Zavarovs, due to their financial difficulties and their desire for their son to remain at the Bolshoi Academy, arrangements were made for the child to return to the Bolshoi Academy at defendant's expense.  Defendant also drafted an agreement to loan the parents approximately $485, for which they were indebted to the Academy.  In a subsequent meeting, defendant convinced the parents that the 12-year-old boy must live at defendant's apartment in Moscow, Russia, located only a few blocks

4

from the Academy.  There, Ludmila Kozireva, an elderly neighbor, served as a housekeeper and occasional caretaker for the boy.  Eventually, defendant and the victim moved to another, larger apartment, also located within walking distance of the Academy.

Beginning approximately one week after the child moved into defendant's apartment, defendant began touching the boy's genital area and eventually performed oral sex on the child.[1]  Defendant also told the boy that defendant wanted to help him take a bath.  During the bath, defendant started touching the boy's penis and pulling down his foreskin in a way that was painful.  The minor told defendant that it hurt and asked him to stop but defendant continued.  Ultimately, defendant sodomized the boy.  Defendant continued to engage in oral and anal sex with the child over the course of approximately 6 years, from the time that the boy was 12 years of age until the time that he was approximately 18 years of age; this included engaging in oral and anal sex with the child between August 22, 2000, and November 22, 2001.

Defendant plied the boy with various gifts and also psychologically manipulated him through fear and intimidation.  When the boy resisted or expressed sadness about the abuse, told him to keep things secret because defendant would get in trouble and could go to jail.  Defendant added that people would not understand their relationship, and that the child's future as a ballet dancer would be destroyed because he would have no financial support.  Among other forms of psychological manipulation, defendant showed the victim a movie about the famous Russian ballet dancer Nijinsky, and drew various parallels between Ninjinsky and the victim, threatening that the victim would be psychologically destroyed if he ever ended his relationship

---

[1] Pursuant to the Court's Order of September 3, 2010, the government may only offer evidence of defendant's acts of sexual abuse toward the victim occurring between August 22, 2000, and November 22, 2001.

with defendant.  Defendant also showed the victim various figurines that he had purchased of mythical half-human, half-goat creatures known as fauns, as the faun was one of Nijinsky's most infamous and controversial roles.

In the summer of 2001, when the alleged victim was 15 years old, defendant brought him from Russia to the United States to study ballet in a summer program at The Rock School in Philadelphia, Philadelphia.  During those weeks, the defendant and the victim resided at defendant's parent's house in Berwyn, Pennsylvania.  While in the United States, defendant ceased all sexual activity except kissing and touching of the genitals.  However, upon departing the United States on approximately August 22, 2001, and returning to Moscow, Russia, all sexual activity between the two resumed, including oral and anal sex.  At that time, the boy was still 15 years old.  Defendant was 36 years old.

Eventually, defendant ended his sexual relationship with the boy, though he continued to provide financial assistance.  In December 2006, while the victim was staying at defendant's parents home in Berwyn with defendant, the two became involved in a heated argument over defendant's decision to date a girl his age whom he had met in ballet classes, Gina D'Amico.  After the victim attempted to harm himself by cutting his wrists, D'Amico and her mother took him to Bryn Mawr Hospital for treatment for his depression, where the dispute between defendant, the victim, D'Amico, and her mother continued.  Lower Merion Police were called to the scene.  Several days later, defendant's mother presented the victim with a "release" form and demanded that he sign it and return money that defendant had given him.

In 2007, defendant met a young boy named S.G. in Moldova, a musician who received a monthly scholarship of approximately $50 from defendant's Apogee Foundation for

2008-2009.  Defendant took him, at the age of 13, to New Orleans, Louisiana in May 2008 to attend a class and perform in a concert.  His mother would testify that she would only let him go if his older sister, age 23, accompanied him.  During this trip, defendant took him swimming at the pool alone and had him perform yoga exercises, and during both activities, would place his hands on the minor boy's body purportedly to instruct him or to "check his spine."   Defendant then proposed that he take the minor boy to a music school in Stockholm, Sweden, and she again insisted that another child she knew must accompany the child.  Ultimately, defendant declined to take the boy to the school.

### B.   Government Witnesses

The following witnesses may testify in the government's case-in-chief:

1. **Roman Zavarov**, the victim, regarding his date of birth, meeting the defendant, and the nature of defendant's relationship with him.  He will also describe defendant's acts of sexual abuse toward him between August 22, 2000 and November 22, 2001.[2]

2. **Andrei Zavarov**, the victim's father, regarding his introduction to defendant, his agreement to allow his son to live with defendant, the loan from defendant, and subsequent interactions with defendant and with the victim.

3. **Fanzilya Zavarova**, the victim's mother, regarding her son's date of birth, her introduction to defendant, her agreement to allow her son to live with defendant, the loan from defendant, and her subsequent interations with

---

[2]  This date range is fixed by the Court's Order of September 3, 2010.

defendant and with the victim.

4.      **Tatiana Dokukina**, ballet instructor at the Moscow State Academy of Choreography, regarding her introduction of defendant to the victim's family, her subsequent interactions with the defendant and the victim, and her summer trip with defendant and the victim to Ukraine.

5.      **Nikolai Dokukin**, ballet instructor at the Moscow State Academy of Choreography, regarding his introduction of defendant to the victim's family, his subsequent interactions with the defendant and the victim, his summer trip with defendant and the victim to Ukraine, and his lack of substantive involvement with the Apogee Foundation.

6.      **Ludmila Kozireva**, neighbor of defendant, regarding her observations of defendant, the victim, and the apartment that they shared.

7.      **Evgeni Kuzmin**, Investigator of Important Matters, Investigative Committee of the General Procuracy of the Russian Federation, regarding his investigation of defendant and evidence he gathered.

8,9,10. **Simion Gronic, Simona Gronic, and Rodica Gronic**, citizens of Moldova, regarding their interactions with defendant in approximately 2007, including their trip with defendant to the United States.

11.     **Pennsylvania Department of Vital Records** witness regarding defendant's birth certificate.

12.     **Jennifer Hassinger, The Rock School**, regarding the school's enrollment records and the application for the summer of 2001 from the victim.

8

13. **Special Agent Emily Arnold**, regarding TECS records reflecting defendant's and the victim's travel from the United States on August 22, 2001.

14. **Department of State Representative** regarding United States visa issued to victim for June 2001.

15, 16, **Lower Merion Police Officers John Gooley, Charles Farrell, and**

17. **Matthew Colflesh**, regarding a disturbance at Bryn Mawr hospital on December 26, 2006, involving defendant and the victim.

18. **Bryn Mawr Hospital Nurse Margaret Rooney**, regarding her treatment of the victim on December 26, 2006.

19. **Gina D'Amico Zavarov**, the victim's wife, regarding a disturbance at Bryn Mawr hospital on December 26, 2006, involving defendant and the victim, and regarding the victim's conduct in the presence of defendant and defendant's statements to the victim.

20. **Paypal Representative** regarding defendant's paypal purchase records.

21. **Dr. Sherri Edelman**, expert witness, regarding the psychological nature of relationships between perpetrators and victims of child sexual abuse.[3]

C. **Anticipated Evidence**

The government's anticipated evidence includes some or all of the following:

1. Defendant's birth certificate.

2. Certificate of authentication of foreign records from Russia.

---

[3] A summary of expert testimony and the expert's curriculum vitae were provided to defendant on July 23, 2010, pursuant to the Court's original scheduling order.

3.     Records from Russian Federal Migration Service (FMC).

4.     Student enrollment records from Moscow Academy of Choreography.

5.     "Loan Agreement" between defendant and victim's parents dated September 11, 1998.

6.     Motion picture entitled "Nijinksky."

7.     Paypal records of defendant's faun figurine purchases.

8.     Victim's passport containing U.S. visa.

9.     Summer 2001 application from The Rock School, Philadelphia.

10.    Official TECS border crossing records of travel for defendant and victim for August 22, 2001.

11.    "General Release" dated January 12, 2007.

12.    Photographs of the victim, the Moscow Academy of Choreography, and the two Moscow apartments where defendant and the victim lived together.

## III.    STIPULATIONS and PRE-TRIAL MOTIONS

The government has proposed ten stipulations to streamline the trial for the Court and jury's convenience.  Copies of the proposed stipulations are attached as "Exhibit A" for the Court's convenience.  At the time of the filing of this memorandum, despite repeated inquiries from the government, defendant still has not indicated whether he will sign any of the stipulations.

The government notes in particular that defendant has failed to sign a stipulation on the issue of translation accuracy (Stipulation No. 10), yet has not identified any particular objections to the translations he has had in his possession since early June, 2010.  This may necessitate the need for the government to call as additional witnesses at least three different translators whom the government employed to translate discovery in this matter, in order to

verify the accuracy of their translations.

The defendant's motion to dismiss based on the statute of limitations is still pending before the Court.

## IV.   <u>OTHER ISSUES</u>

The government reserves the right to call rebuttal witnesses in the event the defendant elects to present any defense.

Proposed jury instructions and requested voir dire will be filed under separate cover.

Respectfully submitted,

ZANE DAVID MEMEGER
*United States Attorney*


_____/s/_____
MICHELLE MORGAN-KELLY
VINEET GAURI
*Assistant United States Attorneys*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing Government's Trial Memorandum was

served by electronic filing and U.S. Mail, first class postage prepaid, to:

       Joseph Green, Esquire
       Duffy & Green
       138 West Gay Street
       West Chester, PA 19380


                    /s/
                  MICHELLE MORGAN-KELLY
                  *Assistant United States Attorney*


Dated: September 10, 2010

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**      **:**

              **v.**              **:**      **CRIMINAL NO.  10-29-JS**

**KENNETH SCHNEIDER**          **:**

## STIPULATION NO. 1

It is hereby STIPULATED by and between the government and the defendant that the following facts may be entered into the record of the trial of this case without further proof being offered by the government:

> From the time each of the government's exhibits came into the government's possession through the time of their introduction in evidence, a proper and acceptable chain of custody was maintained and the exhibits were not altered, tampered with, or modified in any way.


                                     ZANE DAVID MEMEGER
                                     United States Attorney


_____      _____
Defendant KENNETH SCHNEIDER      MICHELLE MORGAN-KELLY
                                     VINEET GAURI
                                     Assistant United States Attorneys


_____
JOSEPH P. GREEN, JR.
Counsel for KENNETH SCHNEIDER


                                   DATE: _____

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO.  10-29-JS** |
| **KENNETH SCHNEIDER** | **:** | |

## STIPULATION NO. 2

It is hereby STIPULATED by and between the government and the defendant that the following facts may be entered into the record of the trial of this case without further proof being offered by the government:

The defendant KENNETH SCHNEIDER has been a citizen of the United States since his birth on September 28, 1964.


ZANE DAVID MEMEGER
United States Attorney


_____
Defendant KENNETH SCHNEIDER


_____
JOSEPH P. GREEN, JR.
Counsel for KENNETH SCHNEIDER


_____
MICHELLE MORGAN-KELLY
VINEET GAURI
Assistant United States Attorneys


DATE: _____

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :

       v.             :     **CRIMINAL NO.  10-29-JS**

KENNETH SCHNEIDER       :

### <u>STIPULATION NO. 3</u>

It is hereby STIPULATED by and between the government and the defendant that the following facts may be entered into the record of the trial of this case without further proof being offered by the government:

Roman Zavarov was born on March 21, 1986.

ZANE DAVID MEMEGER
United States Attorney

_____
Defendant KENNETH SCHNEIDER

_____
MICHELLE MORGAN-KELLY
VINEET GAURI
Assistant United States Attorneys

_____
JOSEPH P. GREEN, JR.
Counsel for KENNETH SCHNEIDER

DATE: _____

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 10-29-JS** |
| **KENNETH SCHNEIDER** | **:** | |

## STIPULATION NO. 4

It is hereby STIPULATED by and between the government and the defendant that the following facts may be entered into the record of the trial of this case without further proof being offered by the government:

On or about August 22, 2001, in the Eastern District of Pennsylvania, the defendant Kenneth Schneider transported Roman Zavarov in foreign commerce from Philadelphia, Pennsylvania to Moscow, Russia.

ZANE DAVID MEMEGER
United States Attorney


_____
Defendant KENNETH SCHNEIDER


_____
MICHELLE MORGAN-KELLY
VINEET GAURI
Assistant United States Attorneys


_____
JOSEPH P. GREEN, JR.
Counsel for KENNETH SCHNEIDER


DATE: _____

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**               :

      **v.**                                          :        **CRIMINAL NO.  10-29-JS**

**KENNETH SCHNEIDER**                        :


## STIPULATION NO. 5

It is hereby STIPULATED by and between the government and the defendant that the following facts may be entered into the record of the trial of this case without further proof being offered by the government:

Roman Zavarov was a student at The Rock School for Dance Education from July 2, 2001 to August 10, 2001 and from July 1, 2002 to August 9, 2002.


ZANE DAVID MEMEGER
United States Attorney


_____                _____
Defendant KENNETH SCHNEIDER                MICHELLE MORGAN-KELLY
                                           VINEET GAURI
                                           Assistant United States Attorneys


_____
JOSEPH P. GREEN, JR.
Counsel for KENNETH SCHNEIDER


DATE: _____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**   :

   **v.**      :  **CRIMINAL NO.  10-29-JS**

**KENNETH SCHNEIDER**    :

## <u>STIPULATION NO. 6</u>

   It is hereby STIPULATED by and between the government and the defendant that the following facts may be entered into the record of the trial of this case without further proof being offered by the government:

   The records produced by The Rock School for Dance Education are business records within Federal Rule of Evidence 803(6), and the government's trial exhibits consisting of these records are, subject to a determination of relevance, admissible at trial.

            ZANE DAVID MEMEGER
            United States Attorney


_____  _____
Defendant KENNETH SCHNEIDER  MICHELLE MORGAN-KELLY
            VINEET GAURI
            Assistant United States Attorneys


_____
JOSEPH P. GREEN, JR.
Counsel for KENNETH SCHNEIDER


            DATE: _____

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO.  10-29-JS** |
| **KENNETH SCHNEIDER** | : | |

**STIPULATION NO. 7**

It is hereby STIPULATED by and between the government and the defendant that the following facts may be entered into the record of the trial of this case without further proof being offered by the government:

The records produced by U.S. Customs and Border Protection are public records within Federal Rule of Evidence 803(8), and the government's trial exhibits consisting of these records are, subject to a determination of relevance, admissible at trial.

ZANE DAVID MEMEGER
United States Attorney

_____
Defendant KENNETH SCHNEIDER

_____
MICHELLE MORGAN-KELLY
VINEET GAURI
Assistant United States Attorneys

_____
JOSEPH P. GREEN, JR.
Counsel for KENNETH SCHNEIDER

DATE: _____

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

       v.                :     **CRIMINAL NO.  10-29-JS**

KENNETH SCHNEIDER          :

## STIPULATION NO. 8

It is hereby STIPULATED by and between the government and the defendant that the following facts may be entered into the record of the trial of this case without further proof being offered by the government:

      The records produced by PayPal are business records within Federal Rule of Evidence 803(6), and the government's trial exhibits consisting of these records are, subject to a determination of relevance, admissible at trial.


                                ZANE DAVID MEMEGER
                                United States Attorney


_____    _____
Defendant KENNETH SCHNEIDER       MICHELLE MORGAN-KELLY
                                VINEET GAURI
                                Assistant United States Attorneys


_____
JOSEPH P. GREEN, JR.
Counsel for KENNETH SCHNEIDER


                                DATE: _____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

     v.          :          **CRIMINAL NO.  10-29-JS**

KENNETH SCHNEIDER          :

## STIPULATION NO. 9

It is hereby STIPULATED by and between the government and the defendant that the following facts may be entered into the record of the trial of this case without further proof being offered by the government:

The certification of birth produced by the Pennsylvania Department of Health's Vital Records is a record of vital statistics within Federal Rule of Evidence 803(9), and the government's trial exhibit consisting of this certification is, subject to a determination of relevance, admissible at trial.


ZANE DAVID MEMEGER
United States Attorney


_____          _____
Defendant KENNETH SCHNEIDER          MICHELLE MORGAN-KELLY
                                     VINEET GAURI
                                     Assistant United States Attorneys


_____
JOSEPH P. GREEN, JR.
Counsel for KENNETH SCHNEIDER


DATE: _____

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**        **:**

      **v.**           **:**    **CRIMINAL NO.  10-29-JS**

**KENNETH SCHNEIDER**        **:**

### STIPULATION NO. 10

It is hereby STIPULATED by and between the government and the defendant that the following facts may be entered into the record of the trial of this case without further proof being offered by the government:

The government's translations from Russian to English are accurate, verbatim translations.


ZANE DAVID MEMEGER
United States Attorney


_____
Defendant KENNETH SCHNEIDER

_____
MICHELLE MORGAN-KELLY
VINEET GAURI
Assistant United States Attorneys


_____
JOSEPH P. GREEN, JR.
Counsel for KENNETH SCHNEIDER


DATE: _____