IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | No. 10-29 |
| KENNETH SCHNEIDER | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                               September 15, 2010

Defendant Kenneth Schneider asks this Court to dismiss both charges against him, arguing the Government failed to bring these charges within the applicable statute of limitations. For the following reasons, this Court will deny Schneider's motion.

**FACTS**

On January 14, 2010, Schneider was charged in a two-count indictment with (1) traveling in foreign commerce for the purpose of engaging in sex with a minor, in violation of 18 U.S.C. § 2423(b), and (2) transporting a person in foreign commerce with the intent that such person engage in criminal sexual conduct, in violation of 18 U.S.C. § 2421. The date of Schneider's allegedly criminal travel was August 22, 2001, when he flew from Philadelphia to Moscow, Russia, in the company of R.Z., a 15-year-old Russian boy. The indictment further alleges Schneider engaged in a sexual relationship with R.Z. both before and after the date of travel.

**DISCUSSION**

Schneider argues both counts of the Indictment should be dismissed pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A) because the Government failed to secure an indictment within the applicable statute of limitations for the charged offenses. To prevail on a motion to dismiss an untimely indictment, a defendant must establish the indictment charges conduct which occurred outside the applicable statute of limitations period. *See, e.g., United States v. Atiyeh*, 402 F.3d 354, 362 (3d Cir. 2005) (concluding an indictment which, on its face, charged conduct occurring outside the five-year limitations period of 18 U.S.C. § 3282 was beyond the statute of limitations). "In considering a defense motion to dismiss an indictment, the district court accepts as true the factual allegations set forth in the indictment." *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990).

The general statute of limitations for non-capital federal offenses is five years. *See* 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found . . . within five years next after such offense shall have been committed."). The Indictment in this case was returned on January 14, 2010, over five years after the date of the charged offense, August 22, 2001. Schneider asserts the five-year statute of limitations period contained in § 3282 applies and bars his prosecution for the charged offenses. The Government disagrees, arguing 18 U.S.C. § 3283, which establishes a longer statute of limitations period for certain child abuse offenses, applies to the charges filed against Schneider.[1]

---

[1] The Government concedes the Adam Walsh Child Protection Act, 18 U.S.C. § 3299, which abolished the statute of limitations for certain federal offenses committed against minors, does not apply to the instant case because the Act was signed into law on July 27, 2006, and does not appear to be retroactive. *See United States v. Richardson*, 512 F.2d 105, 106 (3d Cir. 1975) (explaining a law extending a statute of limitations period is "presumed to operate prospectively

Congress established a longer statute of limitations for child sex abuse offenses in 1990, permitting prosecution of such offenses until the victim turned 25 years old. The new statute, originally codified at 28 U.S.C. § 3509(k) (1991), provided, "No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years." Section 3509(k) was recodified without change in 1994 at 18 U.S.C. § 3283. 18 U.S.C. § 3283, Historical and Statutory Notes; *United States v. Chief*, 438 F.3d 920, 922 (9th Cir. 2006) (explaining the progressive lengthening of the statute of limitations for child sexual abuse crimes).[2]

Schneider does not dispute the Indictment was timely filed under § 3283 if this statute applies to his offenses. Rather, he argues § 3283 is inapplicable to the offenses with which he is charged because neither charge is an "offense involving the sexual or physical abuse of a child under the age of 18 years." Def.'s Mot. to Dismiss 6 (citing 18 U.S.C. § 3283).

---

in the absence of a clear expression to the contrary").

[2] The statute was amended in 2003 to permit prosecution of sexual abuse offenses at any time during the life of the child. 18 U.S.C. § 3283. The Government does not contend the 2003 amendment applies to Schneider's conduct, and the Court need not decide that issue in any event, as the child involved in this case, R.Z., had not yet reached the age of 25 on the date the Indictment was filed. The Court notes, however, that several courts have applied the 2003 amendment retroactively to sexual abuse offenses when the original statute of limitations had not yet expired at the time the amendment took effect (*i.e.*, when the victim was still under the age of 25 in the year 2003). *See, e.g., Chief*, 438 F.3d at 924 (interpreting the limitations period for a defendant charged with aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153 and 2241(a), and stating "when Congress repeals one statute of limitations by enacting another, the second statute of limitations can 'simultaneously replace[]' the former statute and apply even to cases in which the actions at issue predate the most recent statute"); *United States v. Jeffries*, 405 F.3d 682, 685 (8th Cir. 2005) (explaining a law enacted before the expiration of a previously applicable limitations period does not violate the ex post facto clause when it is applied to institute a prosecution which is not yet time barred); *United States v. Gool*, No. 09-145, 2009 U.S. Dist. LEXIS 61451, at *8-9 (S.D. Iowa Jun. 17, 2009) (same).

The sexual abuse of a child "includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or to assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation with children, or incest with children." 18 U.S.C. § 3509(a).[3] The determination of whether Schneider's charges fall within § 3283's statute of limitations requires this Court to determine whether 18 U.S.C. §§ 2421 and 2423(b) are "offenses involving the sexual or physical abuse of a child" within the meaning of § 3283.

In the first count of the Indictment, Schneider is charged with traveling in foreign commerce "for the purpose of engaging in any sexual act as defined in Section 2246 with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred" in the United States, in violation of 18 U.S.C. § 2423(b). Indictment 2. In the second count, Schneider is charged with "transport[ing] a person in foreign commerce with the intent that such person engage in any sexual activity for which any person can be charged with a criminal offense," in violation of 18 U.S.C. § 2421. Indictment 4. The predicate criminal sexual activity charged for this count is compulsory anal intercourse, which is a violation of Article 133 of the Russian Criminal Code. Both of the offenses charged in the Indictment are codified in chapter 117 of title 18 of the United States Code, titled "Transportation for Illegal Sexual Activity and Related Crimes."

---

[3] As noted, the statute of limitations in § 3283 was originally codified at § 3509(k). When § 3509(k) was recodified, Congress did not create a new definition of sexual abuse and did not cross reference a different definition. It is therefore appropriate to rely on the definition set forth in § 3509. Moreover, this definition "is appropriate, not simply because it appears somewhere in the United States Code, but because it is consonant with the generally understood broad meaning of the term 'sexual abuse.'" *Restrepo v. Attorney General*, No. 07-4741, 2010 U.S. App. LEXIS 17091, at *27 (3d Cir. Aug. 16, 2010) (adopting the definition of sexual abuse contained in § 3509(a) in defining abuse of a minor under the Immigration and Nationality Act) (quoting *Mugalli v. Ashcroft*, 258 F.3d 52, 58-59 (2d Cir. 2001)).

To support his argument that sexual abuse of a child is not an essential ingredient of either of the offenses charged, Schneider relies on *Bridges v. United States*, 346 U.S. 209 (1953). In *Bridges*, the Supreme Court clarified the criminal offenses to which the 1942 Wartime Suspension of Limitations Act (WSLA) applied. The WSLA expanded the statute of limitations for fraud in connection with war contracts beyond the three-year limitations period in place at the time for non-capital federal crimes. Congress had authorized a limited expansion of the limitations period to "safeguard the treasury" from war contract fraud "by increasing the time allowed for [the] discovery and prosecution [of war fraud crimes]." *Id.* at 216-17. The Supreme Court insisted the WSLA was not intended to "swallow up the three-year [statute of] limitations" and thus interpreted the statute narrowly, strictly limiting application of the WSLA to only those offenses "in which defrauding or attempting to defraud the United States is an *essential ingredient of the offense charged*." *Id.* at 221. The Court held fraud was only an "essential ingredient" if proof of fraud was required to prove the charged offense and further stated "the insertion of surplus words in the indictment does not change the nature of the offense charged." *Id.* at 222.

Schneider contends, under *Bridges*'s essential ingredient test, § 3283 does not apply because child sexual abuse is not an essential ingredient of either § 2421 or § 2423(b). He contends both charges have two essential elements — (1) transportation or travel, and (2) intent to engage in a sexual act — neither of which requires proof a child was sexually or physically abused. Indeed, a defendant may be convicted for a violation of § 2423(b) based on evidence of his intent alone, even if he never actually encountered or sexually assaulted a child. *See United States v. Tykarsky*, 446 F.3d 458, 469 (3d Cir. 2006) (explaining a conviction under § 2423(b) "turns simply on the purpose for which [the defendant] traveled" and the actual age of the intended victim is not an element of the

5

offense). Although instances of a defendant's sexual abuse of a child victim may be presented at trial to prove the defendant's intent to engage in a sexual act which would violate chapter 109A, or his intent to engage in criminal sexual activity, evidence of actual abuse is not necessary to secure a conviction under either of theses statutes. *See id.* Schneider therefore urges this Court to find an offense only involves the sexual abuse of a minor if such abuse is necessary to sustain a conviction for the offense, and argues the Court should not look beyond the elements of the charge to the underlying facts of the offense in making its determination as to whether § 3283 applies.

Schneider's arguments are unavailing. First, *Bridges*, the case Schneider relies on to support his argument, is distinguishable. Although *Bridges* also interpreted the word "involve" in the context of a statute of limitations' applicability, the statute in that case, the WSLA, is dissimilar to § 3283 because the WSLA targeted a narrow category of crimes and was intended to be narrowly applied.[4] In contrast, Congress has sought to progressively lengthen the statute of limitations to allow prosecution for child sex offenses by extending the limitations period first to the victim's 25th birthday, then to encompass the life of the victim, and finally to abolish the limitations period entirely for some categories of offenses. *See Chief*, 438 F.3d at 922; and 18 U.S.C. § 3299. Moreover, such legislation is indicative of the general Congressional intent to "cast a wide net to ensnare as many offenses against children as possible." *United States v. Dodge*, 597 F.3d 1347, 1355 (11th Cir. 2010) (interpreting Congressional intent with regard to the Sex Offender Registration

---

[4] The Third Circuit has only addressed *Bridges* on three occasions, in decisions which are over 15 years old. *See Dutton v. Wolpoff & Abramson*, 5 F.3d 649 (3d Cir. 1993) (discussing the doctrine of legislative reenactment); *United States v. Levine*, 658 F.2d 113 (3d Cir. 1981) (outlining the history of the general statute of limitations for non-capital federal crimes); *United States v. Vazquez*, 319 F.2d 381 (3d Cir. 1963) (stating the requirements for proving the crime of conspiracy to defraud the United States).

and Notification Act (SORNA)).

The Eleventh Circuit's analysis in *Dodge*, while not controlling, is instructive because the court discussed whether a categorical approach is appropriate in determining whether a criminal conviction is a "sex offense" under the SORNA. The SORNA defines the term "sex offense" to include "a criminal offense that is a specified offense against a minor," 42 U.S.C. § 16911(5)(A)(ii), and further defines a "specified offense against a minor" to include an offense against a minor that "involves . . .[c]riminal sexual conduct involving a minor." 42 U.S.C. § 16911(7)(H). Dodge was convicted of three counts of transferring obscene material to a minor after he knowingly transferred nude images of himself to someone he believed to be a thirteen-year-old girl, but who was actually an undercover agent. *Dodge*, 597 F.3d at 1349. In determining whether this constituted a "sex offense" under § 161911(5)(A)(ii), the court concluded it was appropriate to look beyond Dodge's statute of conviction to the underlying facts of his offense because the definition of a "specified offense against minor" at § 16911(7) contains no reference to an "element" of a crime and refers to "offenses" rather than "convictions." *Dodge*, 597 F.3d at 1355-54. Similarly, § 3283's description of an offense involving the sexual abuse of a child makes no reference to the elements of a crime and by its terms applies to "offenses" rather than "charges." Moreover, § 3283's limitations period applies to offenses "involving" child sexual abuse, not to offenses "constituting" such abuse. The *Dodge* court held that Dodge's transfer of nude photos of himself to a girl he thought was thirteen years old "clearly constitute[d] 'criminal sexual conduct involving a minor'" and rejected the argument that the phrase "against a minor" requires contact with or opposition by the minor.[5] *Id.*

---

[5] Although *Dodge*'s interpretation of a sex offense under the SORNA is not directly on point for this Court's interpretation of § 3283, the court's reasoning is analogous:

at 1355.

Second, the categorical analysis suggested by Schneider is untenable here because the Court cannot determine whether the offenses with which Schneider is charged involve sexual abuse of a child by examining the elements of the offenses alone. Rather, each of Schneider's charges cross-references another crime which this Court must also consider. A defendant can only be convicted under § 2423(b) if he traveled with the intent to engage in a sexual act with a child which would violate chapter 109A if committed in the United States. *See* 18 U.S.C. § 2423(b). This cross-reference requires the Court to examine both whether the defendant intended to engage in a sexual act defined by § 2246 and to examine whether the underlying conduct, if committed, would constitute an offense under chapter 109A. At the time of the offense in 2001, Chapter 109A made it a crime to knowingly engage in a sexual act with a person between the age of 12 and 16 years if the offender was more than four years older than the minor. *See* 18 U.S.C. § 2243(a) (2001).

A defendant can only be convicted under § 2421 if he transported a person with the intent to engage in criminal sexual activity. This also requires the Court to look beyond the elements of § 2421 to examine which predicate criminal offense underlies the charge. Here, the predicate offense charged is a violation of Section 133 of the Russian Criminal Code criminalizes compelling a person to engage in illicit relations or pederasty[6] "by means of blackmail, threat of destruction, damage, or

---

> District judges do not need a statute to spell out every instance of conduct that is a sexual offense against a minor. They are capable of examining the underlying conduct of an offense and determining whether a defendant has engaged in conduct that 'by its nature is a sex offense against a minor.'

*Dodge*, 597 F.3d at 1355.

[6] Pederasty is "[a]nal intercourse between a man and a boy." *Black's Law Dictionary*, 1167 (8th ed. 2004).

taking of property, or with the advantage of material or any other dependence of the victim." UGOLOVNYI KODEKS ROSSIISKOI FEDERATSII [UK RF] (Criminal Code) art. 133 (Russ.). Both of these charged offenses cross-reference offenses involving sexual abuse of a minor. As a consequence, application of the statute of limitations provided in 18 U.S.C. § 3283 is appropriate.

Third, those courts that have considered this issue have uniformly held the limitations period of § 3283 applies to crimes codified in chapters 110 and 117. The District Court of Connecticut recently addressed a similar question in *United States v. Sensi*, No. 08-253, 2010 U.S. Dist. LEXIS 55594 (D. Conn. Jun. 7, 2010). In that case, defendant Edgardo Sensi was charged with illicit sexual conduct in foreign places, in violation of 18 U.S.C. § 2423(c), and various offenses related to production of child pornography, all of which involved two minor victims. *Id.* Like Schneider, Sensi argued the statute of limitations for these offenses was not governed by § 3283, and had thus expired. The court addressed whether § 3283's reference to sexual abuse "applies only to crimes listed in chapter 109A of Title 18, which is titled 'Sexual Abuse,'" or whether it encompasses "all crimes that would logically relate to the common understanding of sexual abuse even when found in chapters 110 and 117," concluding "[o]f the courts that have faced this issue, all have found that *section 3283* applies to the latter category of crimes," those which logically relate to the common understanding of sexual abuse. *Id.* (citing *United States v. Panner*, No. 06-365, 2007 U.S. Dist. LEXIS 11589, at *2 (E.D. Cal. Feb. 20, 2007) (holding the statute of limitations in § 3283 applied to prosecution under 18 U.S.C. §§ 2251 and 2252A, child pornography offenses codified in Chapter 110); *United States v. Borazanian*, 148 Fed. Appx. 352, 353 (6th Cir. 2005) (applying § 3283 to a child pornography offense and to a charge for traveling with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), which is codified in Chapter 117); and *Chief*, 438 F.3d 920

9

(applying § 3283 to charge under 18 U.S.C. § 2241(a))).

The court went on to hold that § 3283 applied to a charge under § 2423(c), explaining such a charge "constituted 'sexual abuse' insofar as it allege[d] that defendant traveled to Nicaragua to engage in illicit sexual conduct with a minor." *Sensi*, 2010 U.S. Dist. LEXIS 55494, at *6-7. In the instant case, both of Schneider's charged offenses are codified in chapter 117 and both "logically relate to the common understanding of sexual abuse" in that Schneider is charged with (1) traveling with the intent to engage in sexual activity criminalized by chapter 109A, which governs sexual abuse crimes, and (2) transporting a minor with the intent to engage in compulsory anal intercourse with him. These offenses indisputably relate to the common understanding of sexual abuse and also "involve" sexual abuse as defined in 18 U.S.C. § 3509(a) because sexual abuse of a child "includes the . . . persuasion, inducement, enticement or coercion of a child to engage in . . . sexually explicit conduct." 18 U.S.C. § 3509(a).

Accordingly, this action is timely under § 3283 as both offenses charged involve the sexual abuse of a child. An appropriate order follows.