IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 10-29 |
| | : | |
| KENNETH SCHNEIDER | : | |

**MEMORANDUM**

**Juan R. Sanchez, J.**                                                                  September 21, 2010

Defendant Kenneth Schneider asks this Court to preclude the testimony of Dr. Sherri Edelman, a witness identified by the Government as an expert who will "testify generally regarding the psychological and emotional nature of the relationship between sexual abusers of children and their victims." Gov't's Letter to Def. of Jul. 23, 2010, 1. Because this Court finds Dr. Edelman's testimony is not reliable and would not assist the trier of fact in this case, this Court will grant Defendant's motion in limine and preclude the Government from calling Edelman as a witness during its case in chief.

**FACTS**

On January 14, 2010, Schneider was charged in a two-count indictment with (1) traveling in foreign commerce for the purpose of engaging in sex with a minor, in violation of 18 U.S.C. § 2423(b), and (2) transporting a person in foreign commerce with the intent that such person engage in criminal sexual conduct, in violation of 18 U.S.C. § 2421. Schneider's charges arise from his travel on August 22, 2001, when he flew from Philadelphia to Moscow, Russia, in the company of R.Z., a 15-year-old Russian boy with whom he is alleged to have engaged in a sexual relationship both before and after the date of travel.

1

Schneider's trial was originally scheduled for August 4, 2010. On July 23, 2010, the Government sent Schneider a three-page letter providing a written summary of the anticipated testimony of Dr. Edelman. In relevant part, the letter explained that Edelman had not examined R.Z. and had not prepared an expert report, but would "testify generally regarding the psychological and emotional nature of relationships between sexual abusers of children and their victims." Gov't's Letter to Def. of Jul. 23, 2010, 1. The Government stated Edelman would testify the "vast majority of victims of child sexual abuse do not disclose the abuse to anyone, disclose on a delayed basis (including years later), or attempt to disclose but are not believed, making them reluctant to disclose further." *Id.* The Government further stated Edelman would testify that it is "well-known in the field of child sexual abuse psychology that in [relationships between child sexual abusers and their victims] the abusers engage in 'grooming' activities" and that victims often have positive emotional feelings toward their abusers. *Id.* at 1-2. The Government maintained such evidence would assist the trier of fact in "understanding the behavior of the victim in this case. " *Id.*

At the Government's request, trial in this matter was continued to September 20, 2010. On September 12, 2010, Schneider filed the instant motion seeking to exclude Edelman's proposed testimony. At the Government's request, this Court held a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) on September 20, 2010, and continued the trial until September 21, 2010.

**DISCUSSION**

Schneider seeks to preclude introduction of Edelman's testimony, arguing it does not meet the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), because she is not qualified and her testimony is not reliable or helpful to the

2

jury.[1] The Government argues such testimony is admissible because Edelman is qualified by her clinical experience, her anticipated testimony is reliable, and her testimony fits this case because it will "explain the victim's conduct to the jury." Gov't's Letter of July 23, 2010, 1.

Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. This Rule has been distilled into "a trilogy of restrictions on expert testimony: qualification, reliability, and fit." *Schneider ex. rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (citation omitted). This Rule "imposes a special obligation upon a trial judge to ensure that any and all [expert] testimony . . . is not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

To offer expert testimony under Rule 702, Edelman must be qualified as an expert by knowledge, skill, experience, training, or education. Fed. R. Evid. 702. The basis of an expert witness's specialized knowledge "can be practical experience as well as academic training and credentials," and the Third Circuit has instructed courts to liberally apply the qualification

---

[1] Schneider originally also argued the testimony should be excluded for the Government's failure to comply with Federal Rule of Criminal Procedure 16(a)(1)(G) because the Government omitted the bases and reasons for Edelman's opinion. At the *Daubert* hearing, Edelman provided the names of three authors who have addressed characteristics of child sex abusers and their victims with whom she is familiar. This Court informed Schneider it would grant a continuance so he could prepare cross-examination based on Edelman's disclosure of the bases for her opinion. Schneider informed the Court he did not want a continuance and waived his argument to exclude Edelman under Rule 16(a)(1)(G).

requirement for expert testimony.  *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998).  "At a minimum, a proffered expert witness . . . must possess skill or knowledge greater than the average layman . . . ."  *Id.*  (quoting *Aloe Coal Co. v. Clark Equip. Corp.*, 816 F.2d 110, 114 (3d Cir. 1987)).

Schneider argues Edelman is not qualified to render an expert opinion on any issue relevant to this case because she is not a licensed psychologist authorized under state law to diagnose disorders, she holds no faculty positions, and she has not published any books or contributed any articles to peer-reviewed journals.  The Government argues Edelman's doctorate degree in clinical psychology is based on extensive clinical experience, during which she provided therapy to sexual abuse victims, and further argues her 13 years of clinical experience with victims of sexual assault makes her "amply qualified."  Gov't's Resp. 6.  The Government has not quantified Edelman's clinical experience beyond stating how long she has worked in a clinical setting.  Edelman has not estimated how many patients she has worked with, how many of those patients were victims of child sexual abuse, or how many of those patients initially denied or delayed in reporting such abuse.  Instead, she asserts such abuse is "rarely" reported right away, based on her anecdotal experience with clinical patients.  Edelman has conducted no independent research, nor written any peer-reviewed articles.  Moreover, her experience in the field of child sexual abusers and their victims is one-sided, as it is limited to therapeutic sessions with victims of sexual abuse.[2]

---

[2] In contrast, Schneider's profferred expert, Dr. Thomas Haworth, has counseled both child victims of sexual abuse and adult sex offenders.  Haworth is a member of the Sexual Offender Assessment Board and, in that capacity, he evaluates and makes recommendations related to adult sex offenders.  Additionally, he holds a current psychology faculty position at Rutgers University, along with prior academic appointments at the University of Pennsylvania and the Medical College of Philadelphia.

While this Court is concerned about Edelman's qualifications to testify as to the emotional and psychological impact of sexual abuse on children, under the liberal qualification policy of this Circuit, Edelman is qualified to testify regarding child victims of sexual abuse if such testimony is reliable and fits the facts of the case. This Court has not been persuaded, however, that Edelman is qualified to offer testimony regarding the modus operandi, or "grooming" practices of child sexual abusers. Edelman does not treat or diagnose adult abusers of children, or assist in their categorization for federal or state-wide sex offender registries. Edelman stated her opinion on grooming is based on a number of articles she has read by two or three other experts, but such a passing familiarity with another expert's scholarship is insufficient.[3] At the *Daubert* hearing, she could not offer testimony about grooming with any level of specificity beyond the blanket statement that it is well known to researchers in the field of child sexual abuse that such grooming occurs. Therefore, this Court finds Edelman is not qualified to testify about the grooming practices of child sexual abusers. *See, e.g. Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316, 322-23 (3d Cir. 2003) ("An expert may be generally qualified but may lack qualifications to testify outside his area of expertise.").

The next step in assessing whether expert testimony is admissible is a determination of whether such testimony is reliable. *See Daubert,* 509 U.S. at 592 (explaining Rule 702 does not require an expert witness to have firsthand knowledge or observation because of "an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline").

---

[3] Furthermore, Edelman was extraordinarily vague about the articles with which she is familiar. She recited the names of two or three authors without stating which articles by those authors she had read, the approximate dates such articles were published, or the data those authors relied upon in forming their conclusions.

5

*Daubert*'s reliability requirement requires an expert's testimony to be "based on the methods and procedures of science rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or her belief." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) (internal quotation marks omitted). Factors relevant to whether expert testimony is reliable include:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*In re Paoli*, 35 F.3d at 742, n.8 (citing *Daubert*, 509 U.S. 579 and *United States v. Downing*, 753 F.2d 1224, 1238 (3d Cir. 1985).

Schneider allegedly sexually abused R.Z. from 1998 until at least 2003, but R.Z. did not report this abuse until 2008. In the instant case, the Government proposes to elicit testimony from Edelman to "explain the victim's behavior" in this case. Namely, the Government anticipates R.Z. will be subject to cross-examination regarding his failure to report the alleged sexual abuse he experienced and seeks to provide an expert explanation for R.Z.'s prolonged silence. Edelman will purportedly testify that the "vast majority" of victims of child sexual abuse either deny such abuse or delay reporting it due to feelings of shame, fear, or affection toward their abusers. Although the Government has stated Edelman will not directly testify that shame, fear, or affection toward Schneider caused R.Z. to be silent regarding his abuse, this is necessarily the conclusion the Government hopes the jury will draw.

6

Schneider argues Edelman's testimony is not reliable because she has failed to draft an expert report summarizing her conclusions and identifying the bases for her opinions. Schneider contends the reason for this omission is that Edelman's opinions are based on anecdotal evidence, rather than clinical research or an examination of R.Z. Schneider contends, "[a]bsent a controlled, longitudinal study of verified victims of child abuse, there is no reliable basis for the witness to state that the 'vast majority' of victims delay reporting the abuse, report it long after it happened, or refuse to discuss it further due to the incredulity of their listeners." Def.'s Mot. in Limine 13. Moreover, Schneider argues the Government has presented no data to suggest any well-supported research in this regard has cross-cultural validity when applied to a youth who grew up in Russia.

Application of the reliability factors highlighted in *In re Paoli*, reveals such a connection — between child sexual abuse and a failure to report—is not a testable hypothesis. Edelman's sweeping statement regarding the "vast majority" of victims of sexual abuse is not quantifiable and therefore cannot be utilized to predict whether a particular child victim actually delayed or denied reporting the abuse he or she suffered. The data the Government has offered to meet its burden to show Edelman's testimony is reliable is a statement from defense expert Dr. Haworth that "between 30 and 80% of children purposefully do not disclose sexual abuse." Gov't's Resp. 6, n.1. Such a wide range patently does not indicate whether child victims of sexual abuse are more or less likely to report such abuse. At the bottom of the spectrum, if 30% of children intentionally remain silent regarding abuse, that means the majority of sexual abuse victims, 70%, do report the abuse. Thus, this conclusion is not testable or reliable. Moreover, Edelman's statement does not differentiate between reporting rates of boys and girls, or the possible influence of a victim's age at the time he or she is assaulted, or relationship to his or her abuser. Importantly, Edelman fails to take into

7

account the cultural influences and/or pressures which may affect a Russian boy or his willingness to report sexual abuse. Her testimony therefore cannot be challenged or tested in any meaningful way.[4] There is also no known or identified rate of error to Edelman's conclusion, nor is there a reliable method or a series of factors guiding Edelman's conclusion as to whether an individual victim is fabricating his abuse or has simply delayed reporting such abuse. Indeed, Edelman testifies that when her clinical patients tell her they have been subjected to sexual abuse, she unequivocally believes them. Furthermore, Edelman's experience is limited to providing therapy for those child victims who *have* reported their abuse, and she therefore cannot reliably opine as to the characteristics or psychology of victims who maintain their silence.

When an expert's testimony is not scientific, the *Daubert* factors may not be pertinent in assessing reliability. *United States v. Lee*, 339 Fed. Appx. 153, 158 (3d Cir. 2009) (citations omitted). "If the witness is relying solely or primarily on experience, [however,] then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee notes. Edelman has also failed to meet these criteria. The Government has not provided a statement identifying specific bases for Edelman's opinion, nor has Edelman provided an affidavit or report explaining how she drew upon her clinical experience providing therapy to child sexual abuse victims to develop her account of the frequency of victims' failure to report sexual abuse. Instead, she has only stated such abuse is "rarely" reported, based on her experience. Beyond

---

[4] As Schneider pointed out, even if it could be reliably established that 80% of child victims of sexual abuse delay reporting their abuse, such evidence does not fit the facts when it is not accompanied with a companion study which analyzes what percentage, if any, of delayed reporters are telling the truth about their abuse.

Edelman's offer of anecdotal evidence, she has not explained how her clinical experience supports the conclusion that *this* victim's behavior and his failure to report his abuse is based on his shame, fear, or affection toward Schneider. Even assuming it is a reliable principle of child psychology that child sexual victims often do not report their abuse because of shame and fear, because Edelman has not spoken with R.Z. or examined him, she has no basis to opine that such a reliable principle is applicable to the facts of this case. While Edelman can generalize about emotional or psychological characteristics which are present in some child victims, she has absolutely no basis to opine that these reasons —shame, fear, or affection— prevented R.Z. from reporting Schneider's abuse to authorities. She has never met R.Z. and has not examined him or read notes of psychological treatment or diagnoses given by another psychological expert. Her testimony about the general relationship that may exist between child sexual abusers and their victims is speculative as to R.Z.'s relationship to Schneider and her opinion regarding delayed reporting of sexual abuse shall not be admitted because it cannot be reasonably assessed for reliability.[5]

This Court has already determined Edelman is not qualified to testify as to the grooming behavior of child sexual abusers and that Edelman's testimony explaining a child sexual victim's denial of abuse or delayed reporting of abuse is unreliable. This Court also must note, however, that

---

[5] The Government argues Edelman's testimony is reliable, as confirmed by the report of Schneider's expert, Dr. Thomas Haworth. Dr. Haworth's report states, "it is not unusual for child victims of sexual abuse not to tell their parents or other adults that they are being a victim of sexual abuse." Gov't's Resp. Ex. C, at 5. There is a huge analytical gap between the statement that the "vast majority" victims do not report or delay reporting child sexual abuse and the statement that "it is not unusual" for child sexual abuse victims to fail to report their abuse. *See General Elec. v. Joiner*, 522 U.S. 136, 146 (1997) (stating a trial court "may conclude that there is simply too great an analytical gap between the data and the opinion proffered").

neither evidence of grooming nor evidence related to a victim's credibility meets the *Daubert* requirement of "fit." *Daubert*, 509 U.S. at 591.

The "fit" requirement "goes primarily to relevance," in that the testimony "must aid the jury in resolving a factual dispute." *Id.*; *see also* Fed. R. Evid. 702 advisory committee notes (commenting that evidence meets the "fit" requirement if it "assist[s] the trier of fact to understand the evidence or to determine a fact in issue"). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, not helpful." *Daubert*, 509 U.S. at 591 (citation omitted). To determine whether expert testimony will assist the trier of fact, this Court will evaluate "whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." Fed. R. Evid. 702, advisory committee notes (quoting Ladd, *Expert Testimony*, 5 Vand. L. Rev. 414, 418 (1952)).

To prove Schneider violated 18 U.S.C. § 2423(b), the Government must prove (1) Schneider was a United States citizen; (2) he traveled in foreign commerce on or around August 22, 2001; (3) his purpose was to engage in a sexual act with a person under the age of 18; and (4) such a sexual act would be in violation of Chapter 109A of the United States Code if it occurred within the jurisdiction of the United States. Edelman's proposed testimony as to delayed reporting of sexual abuse victims does not assist the jury in resolving a factual dispute related to any of these elements as it is not probative of Schneider's intent on the date of travel or the fact of Schneider's travel. To prove Schneider violated 18 U.S.C. § 2421, the Government must prove (1) Schneider knowingly transported R.Z. in foreign commerce, and (2) at the time of transportation, Schneider intended that R.Z. would engage in any sexual activity for which any person can be charged with a criminal

offense. Edelman's testimony regarding delayed child sexual abuse reporting also does not assist the jury in assessing Schneider's intent at the time of transportation.

Although the Government maintains Edelman will not opine as to the truthfulness of R.Z.'s testimony, the practical effect of her statement that the "vast majority" of child sexual abuse victims delay reporting the abuse is to suggest to the jury R.Z. is telling the truth about the abuse he suffered. A witness's credibility is solely within the province of the jury to determine, and testimony that a witness is testifying truthfully is therefore barred by Federal Rule of Evidence 704(b), which prohibits testimony regarding an "ultimate issue of fact for the jury to decide." Moreover, in spite of the Government's argument to the contrary, Edelman's testimony serves to bolster the credibility of R.Z., and such bolstering is impermissible. *See United States v. Charley*, 189 F.3d 1251, 1267 (10th Cir. 1999) ("In general, expert testimony which does nothing but vouch for the credibility of another witness encroaches upon the jury's vital and exclusive function to make credibility determinations and therefore does not 'assist the trier of fact' as required by Rule 702.") (citations omitted). R.Z. is 25 years old and is capable of explaining his reasons for failing to tell his parents or other authority figures that he was being abused by Schneider. Moreover, the average juror would understand, without the necessity of expert analysis, why sexually abused children do not always immediately report the abuse. *See Commonwealth v. Dunkle*, 602 A.2d 830 (Pa. 1992) (explaining, the average juror understands that sexual abuse victims "are afraid or embarrassed, [] are convinced by the abuser not to tell anyone, [] attempt to tell someone who does not want to listen; or they do not even know enough to tell someone what has happened"). Because such a credibility determination is within the ken of the average layperson, expert testimony does not "fit" because it will not assist the jury.

Additionally, although this Court has already determined Edelman is unqualified to testify about grooming behaviors of child sexual abusers, it should be noted that such testimony also would not assist the jury or fit this case.[6] In *United States v. Romero*, the Seventh Circuit held modus operandi evidence regarding child molesters was admissible to dispel "from the jurors' minds the widely held stereotype of a child molester as a 'dirty old man in a wrinkled raincoat' who snatches children off the street." 189 F.3d 576, 584 (7th Cir. 1999). While such evidence may have been helpful to juries in the past, this Court agrees with the conclusion that a jury in 2010 does not need expert testimony to show that child sexual abusers can often be ostensibly responsible and well-meaning adults who occupy positions of trust in society. *See United States v. Raymond*, 700 F. Supp.2d 142, 151 (D. Me. 2010) ("Today's news unfortunately is replete with stories of child sexual abuse involving priests and pastors, teachers and doctors, family members and, in fact, almost every kind of trusted and seemingly trustworthy person.").

Finally, Edelman's testimony will also be excluded under Federal Rule of Evidence 403 because any probative value it may have is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. The balance in this case is not difficult to strike because Edelman's testimony regarding delayed reporting of child sexual abuse is not relevant to any fact in issue, but poses a danger of unfairly prejudicing Schneider by placing an expert's endorsement on R.Z.'s explanation for his failure to disclose

---

[6] Indeed, it is not clear expert testimony regarding grooming would be appropriate in this case based on the Government's assertion that Schneider began sexually assaulting R.Z. within one week after R.Z. moved in with him. *See* Dr. Haworth's Letter of Sept. 8, 2010, 4 (opining that a one to four week time period is "not nearly enough time for a virtual stranger to induct a pubescent child into sexual contact").

earlier the sexual abuse he allegedly suffered. It is also unfairly prejudicial in that it suggests that delayed reporting of child sexual abuse is more consistent with truthfulness than with fabrication, a determination which the jury must make for itself.

Accordingly, because this Court finds Edelman's testimony has not met the requirements for admissibility contained in Federal Rule of Evidence 702 and *Daubert*, she will be precluded from offering expert testimony at trial during the Government's case-in-chief.

## ORDER

AND NOW, this 21st day of September, 2010, it is ORDERED Defendant Kenneth Schneider's Motion in Limine to Exclude Opinion Testimony (Document 100) is GRANTED. Dr. Sherri Edelman shall be precluded from testifying during the Government's case-in-chief.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.