

U.S. Department of Justice

United States Attorney

Eastern District of Pennsylvania

*AUSA Vineet Gauri*
*Direct Dial (215) 861-8644*
*Fax (215) 861-8618*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

September 26, 2010

**VIA E-MAL AND ECF**
Honorable Juan R. Sanchez
8613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re: United States v. Kenneth Schneider (10-29)**

Dear Judge Sanchez:

At the end of the trial day on Friday, the defendant argued for the first time to exclude the testimony of Lower Merion Police officers as "improper bolstering" because he did not impeach R.Z.'s testimony that the defendant urgently questioned him if he told anyone of their sexual relationship at the hospital. The defendant is off by a country mile.

"Improper bolstering or vouching occurs (1) when the prosecution places the prestige of the government behind the witness by personal assurances of the witness' veracity; and (2) when the prosecution indicates that information which is not before the jury supports the witness' testimony." Parmalee v. Piazza, 622 F.Supp. 2d 212, 228 (M.D.Pa. 2008). Neither scenario is present here. The officers will simply provide corroborative evidence, which is clearly permissible. As outlined to the Court, Sergeant John Gooley and Officer Matthew Colflesh will testify that they responded to a disturbance at Bryn Mawr Hospital on December 26, 2006. They arrived at the emergency room to find the defendant, R.Z.'s girlfriend, and the girlfriend's mother in an intense argument, with R.Z. nearby. The officers split everyone up and spoke to them.

The officers will testify that the defendant – acting agitated – told them that: he was in charge of R.Z.'s career; R.Z. had been depressed lately; R.Z. tried to break up with his girlfriend; the girlfriend brought R.Z. to the hospital against R.Z.'s will; and R.Z. tried to hurt himself two nights ago but (paradoxically) R.Z. did not need treatment.

The officers will also testify that they observed the defendant tell R.Z. that he "was going to ruin his life." In addition, they observed the defendant shout to the girlfriend and mother that "he was the best thing" for R.Z., and that R.Z. should return to the defendant's Berwyn home. Officer Colflesh will testify that, after everyone was ordered to leave the hospital while R.Z. received treatment, the defendant returned and tried to get past Officer Colflesh – purportedly for the purpose of bringing R.Z. food.

The government should be permitted to introduce this probative evidence to corroborate R.Z.'s testimony that the defendant was concerned that R.Z. would tell hospital personnel about their sexual relationship. The officers' testimony helps prove that the defendant did not want R.Z. to stay at the hospital, and that the defendant was threatening R.Z. about ruining his life by telling others of their relationship, as R.Z. testified at trial. There is nothing unduly prejudicial or confusing about the officers' testimony.

Moreover, the defendant has known of this evidence for months, and it was included in the government's trial memorandum. For the defendant to wait until the 11th hour to seek to exclude this evidence with an inapposite argument will severely prejudice the government's case. Indeed, government counsel plainly stated in his opening statement that the jury would hear from the Lower Merion Police officers.

Sincerely yours,

ZANE DAVID MEMEGER
United States Attorney

/s/ Vineet Gauri
MICHELLE MORGAN-KELLY
VINEET GAURI
Assistant United States Attorneys

cc: Joseph P. Green, Jr., Esq. (via ECF and e-mail)